## Stallworth v. Blum.

*Bill of Review and Supplement, and to impeach Decree for Fraud.*

1. *Bill impeaching decree for fraud.*—A bill impeaching a decree for fraud, which is an original bill in the nature of a bill of review, cannot be maintained, where there appears to have been no intentional fraud, and the party complaining has not been injured.

2. *Bill of review for error apparent.*—A bill of review for error apparent does not lie, after the decree has been affirmed on appeal; nor on account of a merely erroneous judgment, which might be the subject of an appeal or rehearing.

[Stallworth v. Blum.]

APPEAL from the Chancery Court at Mobile.
Heard before the Hon. ADAM C. FELDER.
The bill in this case was filed by Thomas B. Stallworth against Therese Blum, and was dismissed by the chancellor, on the ground that the decree which it sought to impeach and review had been affirmed by this court on appeal. The decree dismissing the bill is now assigned as error.

GEORGE N. STEWART, for appellant.

P. HAMILTON, contra.

B. F. SAFFOLD, J. — The bill of review, filed by the appellant, was dismissed, on the ground that the decree sought to be reviewed had been affirmed by the supreme court.

The complainant had, in March, 1863, sold and conveyed to the defendant a house and lot, for which she had given him her individual promissory notes, in addition to a cash payment, payable one, two, and three years after date, in gold or silver coin. She also executed, in her own name alone, a mortgage of the lot to secure their payment. In it was a stipulation, that the mortgagor might discharge the notes by payment of *current paper funds*, if tendered within the year 1863, but not afterwards. In April, 1864, the said mortgagor filed a bill to compel a cancellation of the mortgage, on her payment of whatever amount should be ascertained to be due on it, which, she alleged, she had tendered within the required time, in Confederate currency. The appellant, as defendant in that case, denied the sufficiency of the tender, and insisted on his right to demand payment in gold or silver. The decree, rendered on the 5th of March, 1866, ascertained the amount of the debt unpaid, required the complainant to pay it within thirty days, and exacted of the defendant, on being notified of such payment by the register, to deliver up the notes for cancellation, and to enter satisfaction of the mortgage.

The present bill, presented as a bill of review and supplement, and also as an original bill for fraud, in the nature of a bill of review, is based on the following allegations : 1st. That the decree of March 5, 1866, was rendered on a bill in which the complainant represented herself to be a married woman, the wife of Blum, whereas she induced the belief, when making the contract, that she was a *feme sole ;* that she was, in fact, at both periods, a married woman, but not the wife of Blum. 2d. The decree was erroneous, because her husband was not made a party to that suit. 3d. The alleged tender was proved by only one witness, against the denial of a sworn answer. 4th. The money alleged to have been tendered was

not brought into court on the filing of the bill. 5th. The tender of Confederate currency was not sufficient. 6th. The stipulation in the mortgage, respecting a payment in such currency, was not sufficient to destroy the obligation to pay in coin expressed in the notes. 7th. The decree was not complied with in the payment of the money required.

1. A bill impeaching a decree for fraud, is an original bill in the nature of a bill of review. As the fraud used in obtaining the decree is the principal point in issue, it must be established by proof, before the propriety of the decree can be investigated. Story's Eq. Plead. § 426. The defendant, Mrs. Blum, being interrogated by the complainant, Stallworth, respecting her marriage, answered, that she was never at any time the wife of Blum; that she was so called generally, and she allowed her counsel to so represent her in her bill, not from any evil design, but from a feeling of delicacy, which prevented her from correcting his misapprehension. Her marriage to Charles Seinbla, on the 21st of January, 1860, and his desertion of her soon afterwards, were proved. He has not been heard of since. Whether she was a married woman or not, there was no intentional fraud on her part, and the complainant, Stallworth, has not been injured. By her bill she put in issue her payment of the purchase-money for the lot, and her right, on that account, to have the mortgage satisfied. These issues were determined after a contest, and the decree affirmed by this court. It is not now made to appear that the lot was not her separate statutory estate, about which she might sue by next friend, and, in some instances, alone. Michan v. Wyatt, 21 Ala. 813. The charge of fraud is not sustained.

2. A bill of review, for errors apparent on the record, does not lie after the decree has been affirmed on appeal. For, if so, the chancellor could reverse the decree of the appellate court. Dennison v. Goehring, 6 Barr (Penn.), 402; Stafford v. Bryan, 2 Paige, 46, 47; Story's Eq. Plead. § 408. Nor, for a merely erroneous judgment, which might be the subject of an appeal or rehearing. Perry v. Phelips, 17 Vesey, 173; P. & M. Bank v. Dundas, 10 Ala. 661. Under one or the other of these two propositions, the other grounds of error may be included, except the last, the non-payment of the decree, which is not sustained by the proof.      The decree is affirmed.