76   291
94   433

# Werborn *v.* Pinney.

*Motion to vacate and annul, in part, Probate Decree rendered on Final Settlement of Executor's Accounts.*

1. *Motion to quash execution; what grounds available.*—On motion to quash an execution, issued on a probate decree rendered on the final settlement of an executor's accounts, evidence *dehors* the record, showing that the court had no jurisdiction of the settlement, "probably comes too late."

2. *Merger of judgment by affirmance.*—When a judgment or decree is affirmed by this court on appeal, the decree or judgment of the court below is merged in the judgment of affirmance; and that court can not afterwards make any order modifying or altering it.

APPEAL from the Probate Court of Mobile.

Tried before the Hon. PRICE WILLIAMS, Jr.

On the final settlement of the accounts of George F. Wer-

born, as executor of the last will and testament of Adolph M. Solomon, deceased, a decree was rendered by said Probate Court, on 11th July, 1881, by which a balance of $203.37 was ascertained to be due from the executor; and the decree then proceeded thus: "*And the said executor is hereby directed to pay the said balance of $203.37 over to said Amanda M. Pinney*" [the widow of the testator, she having married again], "*to be by her received, held and applied, as directed by the will of said testator; and to enforce the payment thereof, execution may issue in her favor against the said Werborn, if necessary.* The court finds and decrees, also, that the said Amanda M. Pinney is entitled to have and receive from the said executor all the property of said estate not disposed of in course of administration; and thereupon the executor shows to the court, that he turned over and delivered to the said Amanda M. household furniture and a gold watch, amounting to the sum of $534, which is admitted by the said Mrs. Pinney; and it appearing that the only property now remaining is the following," specifying some shares of railroad stock, "a lot of land in the city of Mobile, and goods on hand originally appraised at $973; it is therefore ordered, *that said executor deliver and give possession of said lot of land, goods, shares of stock and assets, to her, the said Amanda M. Pinney, to be received, held and applied by her, as directed in the will of the said testator; and, upon compliance therewith, that he be and is hereby discharged.* And this decree is entered as a final settlement of all matters for which said executor is chargeable."

On appeal to this court by Mrs. Pinney, this judgment and decree was affirmed, as shown by the report of the case—*Pinney v. Werborn*, 72 Ala. 58. An execution was afterwards sued out on the decree, which the executor moved to quash; and on the hearing of this motion, he reserved a bill of exceptions to the judgment overruling his motion, and to the exclusion of the evidence offered in support of it; but the judgment was affirmed on his appeal.— *Werborn v. Pinney*, 74 Ala. 590. Afterwards, the executor submitted a motion to "vacate, annul and set aside so much of the said decree rendered on the 11th July, 1881," as is shown by the italicized words above, "because said order is null and void, and in excess of the jurisdiction conferred upon said court by law." The grounds of the motion were thus stated: "That by the last will and testament of said Solomon, on the files and records of this court, it appears that said balance of $203.37 is trust funds in petitioner's hands, under the terms of said will; and because it further appears from said records and files that B. L. Tim (or Timer), who was named as co-executor in said will, declined to accept said nomination, and declined to qualify as such executor."

[Werborn v. Pinney.]

"That by the last will and testament of said Solomon, in the files and records of this court, it appears that said lot of land, goods, shares of stock and assets are trust funds in petitioner's hands, under the terms of said will; and because it further appears from said files and records that B. L. Tim (or Timer), who was named as co-executor in said will, declined to accept said nomination, and declined to qualify as such executor." "That it appears from the files and records of said court, in said cause, that said Amanda M. Pinney is a *femme covert*, having a husband (John Pinney) living, and they do not show that she was ever made a free-dealer, by any law, or by any decree of any court." The court overruled and refused the motion, and its judgment thereon is now assigned as error. The judgment itself recites that the executor "excepted to the ruling of the court," but there is no bill of exceptions in the record.

F. G. Bromberg, for the appellant.—When a judgment or decree is partly valid, and partly void, the good part stands, if it can be separated from the bad, and the latter is treated as surplusage, so that a formal order vacating it is not necessary. *Horn v. Lockhart*, 17 Wall. 579; *Bradley v. Fisher*, 13 Wall. 351; *Ex parte Lange*, 18 Wall. 175; *Windsor v. McVeigh*, 93 U. S. 282; *Yonley v. Lavender*, 21 Wall. 280. But a void judgment or decree may at any time be set aside by the court which rendered it; and the most judicious course is to assail it there by motion, since an appeal does not lie from a void decree.—*Hays v. Cockrell*, 41 Ala. 87; *Buchanan v. Thomason*, 70 Ala. 402; *Johnson v. Johnson*, 40 Ala. 251; *Summersett v. Summersett*, 40 Ala. 598; *Moore v. Easley*, 18 Ala. 623; *Babcock v. Williams*, 9 Ala. 152; *Ansley v. Pearson*, 8 Ala. 437. The decree here assailed, or the part sought to be vacated, is not only irregular on its face, but void for want of jurisdiction; and the facts showing its invalidity affirmatively appear from the files and records of the court, in the matter of this final settlement.

STONE, C. J.—Werborn was executor of the will of Adolph M. Solomon, deceased, and was brought to a final settlement of his administration, at the instance of Amanda M., the widow, who had intermarried with one Pinney. The settlement was had in the Probate Court. In filing his account for settlement, the executor had set forth, as the persons entitled to share in the estate, Mrs. Pinney, testator's surviving wife, and Adolpha, his only child, an infant over fourteen years of age. A guardian *ad litem* was appointed to represent the interests of the infant, who filed exceptions to the account filed by the ex-

[Werborn v. Pinney.]

ecutor. On the motion of the executor, the Probate Court ruled that Adolpha had no interest in the settlement, revoked the order appointing a guardian *ad litem*, dismissed her as a party, and rejected the exceptions to the executor's account, which had been filed for her. The settlement was then had on the executor's account filed, and Mrs. Pinney's exceptions thereto. A decree was rendered, that the executor pay to her a fraction over two hundred dollars, and that he surrender to her certain property of the estate, which remained in specie. Adolpha, the infant, had excepted to the action of the court, in disallowing her as a party; and Mrs. Pinney sought to raise certain questions for revision in this court, in which she complained that the Probate Court had ruled to her prejudice. An alleged misunderstanding caused delay in the preparation and execution of a bill of exceptions, taken in the interest of Mrs. Pinney, who appealed from the Probate Court to this court. When the case reached this court, Werborn, the appellee, moved to strike the bill of exceptions from the transcript, on the ground that it was not signed in time; and that motion prevailed. This case then came before us as an ordinary appeal from a decree of the Probate Court, rendered in an executor's final settlement.

As a general rule, the Probate Court has jurisdiction of the settlements of executors and administrators. There are exceptions to the rule, but they rest on special circumstances. When there is no invocation of powers which the Probate Court is incompetent to exercise, its jurisdiction is plenary. After the bill of exceptions in this case was struck out, there was nothing to show the Probate Court had not jurisdiction of every element of the contention, or that there had been error in any of its rulings. We affirmed the ruling of the Probate Court. *Pinney v. Werborn*, 72 Ala. 58.

After the affirmance in this court, an execution was issued from the court below, for the enforcement of the affirmed decree. Werborn thereupon moved to quash the execution, upon the alleged ground that the Probate Court had no jurisdiction to render the decree in the first instance. He offered evidence *dehors* the record proper, to show the want of jurisdiction. Having failed to produce the evidence in the first trial, it is probable the offer came too late. The execution pursued the decree, and the record, considered as truth, showed the court had jurisdiction of the subject-matter. The parties are concluded, for they are shown by the record to have been before the court.

We need not, however, decide this question. When the decree was affirmed in this court, the judgment of the lower court became thereby so merged in the judgment of this court,

that that court could make no order, altering or modifying the terms of its rendering.— *Wiswell v. Munroe*, 4 Ala. 9, 19; *Stevens v. Norris*, 15 Ala. 79; *Norris v. Cottrell*, 20 Ala. 304; *McArthur v. Dane*, 61 Ala. 539.

Possibly Adolpha, the daughter, who has an interest in remainder, can, by a proper proceeding, prevent the personal property remaining in specie from going into the hands of her mother.—*Mason v. Pate*, 34 Ala. 379.

The decree of the Probate Court is affirmed.