# Adams *v.* Adams.

### Bill for an Accounting.

(Decided February 1, 1917. 73 South. 984.)

1. **Corporations; Pledge of Stock; Accounting.**—Where a bill by an administratrix for an accounting against one to whom her intestate had pledged corporate stock as collateral, alleged that by fraudulent answers such person prevented a redemption, subsequently sacrificed the stock at an unauthorized sale, procured it at a price less than he could have obtained it by a proper and timely sale and refused to account even for the surplus over the debt, it contained equity.

2. **Discovery; Incidental to Relief Sought.**—In a bill by an administratrix for an accounting by one in trust relations, a discovery is merely incidental to the relief sought and seeking facts peculiarly within the knowledge of the respondent, is proper.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Kate C. Adams as Administratrix against A. B. Adams as Trustees for an accounting for certain corporate stock pledged

[Adams v. Adams.]

as collateral. From a decree overruling demurrers to the bill the respondent appeals. Affirmed.

SILVERMAN & HOSKINS for appellant. A. & F. B. LATADY for appellee.

MAYFIELD, J.—The bill is one for an accounting. It is by the personal representative of a beneficiary against the trustee. Fiduciary relations are therefore clearly shown. A waste or conversion of a part of the trust fund is alleged, and an accounting of the trustee as for such waste, loss, or conversion of the trust fund is sought. The case made by the bill is that respondent held certain corporate stock of complainant's intestate as collateral security. The bill alleges that respondent, by false, fraudulent, or evasive answers to proper inquiries concerning the stock and pledge, prevented a redemption thereof by plaintiff or her intestate, and that he subsequently took advantage of the trust relation, and sacrificed the stock by and at an unauthorized sale thereof, and refuses to even account to complainant as for the surplus or residue after payment of the entire debt and demand which the stock was pledged as collateral to secure. It also alleges that respondent, by an abuse of the trust relation, by holding the stock for a long time and preventing a redemption thereof, caused the stock to sustain a severe loss through depreciation in value, and thus enable respondent to procure it at his own sale at a price much less than he could or would have obtained for it had he foreclosed the mortgage at the proper time, as he should have done. The bill also seeks a discovery, in aid of the accounting, of facts which lie peculiarly within the knowledge of respondent.

(1, 2) The bill unquestionably contains equity, and is not subject to any of the grounds of demurrer interposed. The discovery sought is merely incidental to the relief prayed, of an accounting by a trustee of his doings as to a trust fund, or of an accounting between parties occupying confidential relations as to a particular subject-matter.

There was no error in overruling the demurrer to the bill, and the decree of the chancellor is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.