(82 South. 487)

LOUISVILLE & N. R. CO. v. MAUTER.
(6 Div. 922.)

(Supreme Court of Alabama.   June 19, 1919.)

1. EQUITY ⊜=451—BILL OF REVIEW—PERMISSION TO FILE.

Where circuit court decree has been affirmed by Supreme Court on appeal, the permission of the Supreme Court is necessary to the filing of a bill of review; the decree of circuit court having been merged in the decree of affirmance.

2. EQUITY ⊜=447(1)—BILL OF REVIEW—NEW MATTER.

New matter which has arisen since rendition of decree may be brought forward by way of bill of review.

3. EQUITY ⊜=460—BILL OF REVIEW—SUPPLEMENTAL BILL—NEW MATTER.

Bill to review decree commanding railroad to abate obstruction in street, on ground that dedication of street has been revoked by vacation of map subsequent to rendition of decree, held in effect a supplemental bill, in the nature of a bill of review; its purpose being to suspend or avoid the operation of the decree.

4. EQUITY ⊜=456—BILL OF REVIEW—SUFFICIENCY OF APPLICATION—REVOCATION OF DEDICATION.

Application for bill to review decree commanding railroad to abate obstruction in street at point of intersection with its roadbed, on ground that dedication of street has been revoked by vacation of plat or map, under Code 1907, §§ 6028–6032, subsequent to rendition of decree, will be denied, where application does not show whether street was dedicated to city by map or plat, or public's right therein was acquired by prescription, since public's right, if acquired by prescription, cannot be affected by vacation of map or plat.

5. DEDICATION ⊜=44 — STREETS — PRESCRIPTION.

Long use of land by public as city street is evidence of public easement therein acquired by prescription, but is no evidence of a grant of title thereto, under Code 1907, §§ 6028–6030, relating to dedication of land as street by filing of plat or map.

6. DEDICATION ⊜=20(1) — PRESCRIPTION — REVOCATION.

The public right to use of land as street arising out of a presumptive prescription can be affected only by legislation.

7. DEDICATION ⊜=38—REVOCATION—INSUFFICIENCY OF MAP.

Vacation of a map showing location of railroad and adjacent and intersecting streets, but showing nothing as to how the right to the use of the streets and their crossings came into being, cannot, under Code 1907, §§ 6031, 6032, affect public's right to use of land shown thereby as streets.

Original application for leave to file bill of review by the Louisville & Nashville Railroad Company, opposed by Theobald Mauter. Denied.

See, also, 199 Ala. 387, 74 South. 932.

Eyster & Eyster, of Albany, and A. A. Griffith, of Cullman, for appellant.

Emil Ahlrichs, of Cullman, for appellee.

SAYRE, J. By its original petition in this cause, filed in this court April 23, 1919, petitioner Louisville & Nashville Railroad Company asks leave to file in the circuit court of Cullman, sitting in equity, its bill in the nature of a bill of review. The decree brought into question was rendered by the circuit court of Cullman, sitting in equity, on January 2, 1918, and was affirmed by this court November, 1918. By that decree the Louisville & Nashville Railroad Company was commanded to abate an obstruction which it had caused in First street in the town of Cullman by lowering the grade of its roadbed at the point of its intersection with First street.

[1] The decree of the circuit court, having been affirmed on appeal, was merged in the decree of affirmance, and the permission of this court is necessary to the filing of a bill of review. Stallworth v. Blum, 50 Ala. 46; 16 Cyc. 519. The application discloses the fact that petitioner's proposed bill of review is founded upon the fact that on January 2, 1919, petitioner, proceeding, as it avers, under sections 6031 and 6032 of the Code, revoked its previous dedication—alleged in a way—of so much of First street as lay across its right of way, to which revocation and its consequent vacation of the street at that point the mayor and council of the town of Cullman, on March 19, 1919, did assent by resolution duly adopted.

[2, 3] While it is commonly said that a bill of review to review a decree may be filed because of error of law apparent upon the face of the record or because of newly discovered evidence pressing upon the matter in issue in the former suit (McCall v. McCurdy, 69 Ala. 65), it seems to be established doctrine that, if new matter has arisen since the decree, it may be brought forward by way of bill of review. Cochran v. Rison, 20 Ala. 463; Dexter v. Arnold, 5 Mason, 303, Fed. Cas. No. 3,856. The bill here is in effect a supplemental bill in the nature of a bill of review, its purpose being to suspend or avoid the operation of the decree of January 2, 1918. 10 R. C. L. § 357, pp. 568, 569; Story, Eq. Pl. (10th Ed.) §§ 388, 428a.

The new matter upon which petitioner's

⊜=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

proposed bill relies is that since the decree in the former cause the dedication of so much of First street as lies across the petitioner's right of way has been vacated by a proceeding had under and in accordance with sections 6031 and 6032 of the Code. Sections 6028, 6029, and 6030, to state them according to their general effect, provide that any person, desiring to subdivide his lands into lots, may cause a plat or map to be made, which plat or map, having been signed, acknowledged, and recorded, operates as a conveyance in fee simple of such portions of the land as are marked or noted on such plat or map as donated or granted to the public. Sections 6031 and 6032 provide for the vacation of any such plat or map by the execution and recordation of an instrument declaring the same to be vacated, and if any street or alley, shown by the plat or map, is within the limits of any municipality, "the assent of the mayor and alderman, or other governing body of the municipality, must be procured." We have said that petitioner alleges its revocation in accordance with the statute of so much of First street as lay across its right of way, alleging in a way its previous dedication of that part of the street. The petition is sworn to, as it should have been, and respondent Mauter has filed counter affidavits. In Dexter v. Arnold, supra, Judge Story said:

"This course, though not very common, is, as I conceive, perfectly within the range of the authority of the court; * * * and may be indispensable for a just exercise of its functions, in granting or withholding the review. If, indeed, it were doubtful, in case the bill of review should be allowed, whether the defendants could by plea or answer traverse the allegation in such bill, that the matter of fact is new, I should not hesitate to inquire, in the most ample manner, into the truth of such allegation, before the bill was granted, in order to prevent gross injustice. But as every such bill of review must contain an allegation that the matter of fact is new, it seems to me clear upon principle that, as it is vital to the relief, it is traversable by plea or answer, and must be proved, if not admitted at the hearing."

[4-7] In the case before us there is no occasion to doubt the newness of the matter to be made the basis of petitioner's proposed bill; but it is denied that petitioner ever dedicated by plat or map any part of its right of way to the use of the public as First street. The averment of the petition is that "said revocation of said dedication by map, plat or survey was duly filed with the city council," etc., and it is further aver-

red that the mayor and council, by resolution duly adopted, did assent to the "revocation * * * of that certain portion of First street * * * theretofore dedicated by map, plat or survey." Petitioner's statement filed with the judge of probate as in compliance with section 6034 of the Code, providing for the recordation of such vacation of the plat or map as is authorized by section 6028 et seq., contained the statement "that said First street was heretofore dedicated by map, plat or survey"; but by whom or when does not appear. From the foregoing recitals and statements it is made to appear that petitioner has failed to show that it ever at any time brought itself within the class of persons desiring to subdivide land into lots or that any part of First street was ever by map, plat, or survey dedicated by it, or its predecessor in interest and title, to public use. By the same token petitioner has failed to show, either by explicit averment or by proof, that it has ever been in a position to exercise statutory power in the vacation of any dedication to public use of so much of First street as lies across its right of way. For aught appearing, any right the public have to the use of the crossing was acquired by prescription. The true doctrine as to prescription in its relation to public easements is that long use is evidence of dedication; but long use is no evidence of a grant of title such as results from compliance with the statutory provisions to which we have referred. Such compliance confers title upon the public, but leaves a right of revocation in the maker of the plat or map. On the other hand, the public right arising out of a presumptive prescription may not be affected save by the supreme legislative authority of the state. Petitioner exhibits a map with its petition; but not every map evidences a grant under the statute or an act of dedication, and petitioner's map evidences nothing to the point in question. It shows petitioner's railroad and the adjacent and intersecting streets; but it shows nothing as to how the right to the use of the streets and their crossings came into being. It shows only locations. No rights can be affected by the vacation of a map of that character.

The judgment of the court is that Mauter's objections to the petition for leave to file a bill of review are well taken and that leave should be denied.

It is so ordered.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.