(92 South. 439)

## COURT OF COUNTY COM'RS, DE KALB COUNTY, et al. v. McCARTNEY.

(7 Div. 268.)

(Supreme Court of Alabama. Feb. 11, 1922.)

Counties ⬤⟞164—Court of county commissioners without power to issue and sell warrants to raise cash to build roads.

Acts 1920, p. 10, §§ 1, 8, authorizing the court of county commissioners to issue and sell interest-bearing warrants for settlement of any debt or obligation incurred in construction or maintenance of public roads, gives the court no power to issue and sell such warrants to raise cash to make an appropriation for constructing roads.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Bill by C. H. McCartney against the Court of County Commissioners of De Kalb County, Ala., and the Judge of Probate of said County, to enjoin them from issuing and selling certain warrants. From an order granting the injunction, the respondents appeal. Affirmed.

---

Culli & Hunt, of Gadsden, for appellants.

The court had the authority to pass the order, make the contract, and issue and sell its warrants. Section 215, Const. 1901; Acts 1920, p. 10; 144 Ala. 579, 42 South. 66; 117 Ala. 203, 23 South. 807; 175 Ala. 644, 39 South. 167; 197 Ala. 384, 72 South. 550; New Standard Dict.

C. A. Wolfes, of Ft. Payne, for appellee.

The order and the contract did not create a debt or liability, authorizing the levy and collection of a special tax. Section 215, Const. 1901; 144 Ala. 579, 42 South. 66; 189 Ala. 164, 66 South. 464; 56 Ala. 64; 89 Ala. 641, 8 South. 30, 9 L. R. A. 497.

MILLER, J. C. H. McCartney, a taxpayer, citizen of De Kalb county, over 21 years of age, filed this bill, duly sworn to, on January 14, 1922, against the court of county commissioners and judge of probate of that county to enjoin them from issuing and selling warrants, aggregating $45,000, the proceeds to be used to appropriate $40,000 cash to cover one-fourth of the cost to build a public highway in the county from Ft. Payne to Collinsville.

The bill avers that the court of county commissioners on January 2, 1922, met and passed this resolution and made the following orders:

"Whereas the State Highway Commission of Alabama, in connection with the United States government, has located and surveyed a public highway leading from the city of Ft. Payne to the town of Collinsville in De Kalb county; and

"Whereas, the contract for building said highway has been let on the condition that De Kalb county make an appropriation sufficient to cover one-fourth of the cost of said highway:

"Now, therefore, the court of county commissioners hereby ratifies the said survey and contract for the building of said highway and for said purposes appropriates the sum of $40,000.

"For the purpose of raising the amount appropriated by the county for the building of said highway, it is hereby ordered and directed that the interest-bearing warrants to the amount of $45,000 be issued and sold; said warrants to bear interest at the rate of 8 per cent. per annum, payable semiannually. Said warrants shall become due and payable as follows, to wit: $6,000 January 1, 1924; $7,000 January 1, 1925; $7,500 January 1, 1926; $8,000 January 1, 1927; $8,000 January 1, 1928; and $8,500 January 1, 1929. Said warrants shall be payable out of the special county fund and 40 per cent. of the amount raised by the special county tax of 2½ mills is hereby pledged, set aside, and charged with a lien for the payment of said warrants and interest thereof.

"The court of county commissioners hereby contracts and agrees to levy the said special county tax of 2½ mills for the purpose of paying said warrants and interest thereon, when due..

"It is hereby declared that there are no outstanding warrants against the special county fund which are payable during the tax year within which the warrants herein authorized are made payable.

"It is further ordered and directed that James A. Croley, the judge of probate, execute said warrants with interest coupons attached thereto by signing his name as judge of probate, and ex officio clerk of commissioners' court and by affixing to said warrants his official seal of office."

The bill avers that said highway has not been constructed and will not unless the county commissioners turn over to the state highway department one-fourth of the cost of the construction. The warrants are advertised for sale and will be sold at or, if necessary, below par to secure the money to pay one-fourth of the cost of the highway. It avers the assessed value of all property in the county in 1921 was $10,349,905. The outstanding debts of the county are now $228,191, and of this amount $177,972.88 is represented by outstanding warrants against the special road funds of the county.

The respondent admits the allegations of the bill; avers they have the authority to issue and sell the warrants, and that they have agreed to pay one-fourth of the cost of the road.

There was decree in favor of complainant, the defendants were enjoined from issuing and selling the warrants for the purposes set forth in the resolution, and the defendants were taxed with the court cost. This decree is assigned as error.

Section 1 of an act approved September 28, 1920 (Acts 1920, p. 10), reads in part:

"The court of county commissioners * * * of any county of this state is hereby authorized and empowered to issue interest-bearing warrants of the county for the settlement of any debt or any obligation incurred in the construction or maintenance of public roads."

The warrants may be issued for the settlement of a debt incurred in the construction or maintenance of public roads; and the warrants may be issued for the settlement of an obligation incurred in the construction or maintenance of public roads. These interest-bearing warrants are not to be issued and sold, and the proceeds used for the settlement of a debt incurred in the construction or maintenance of this public road from Ft. Payne to Collinsville. They are not to be issued and sold, and the proceeds used for the settlement of an obligation incurred in the construction or maintenance of this public road. The county owes no debt for the construction or maintenance of this public road. The county has incurred no obligation to construct or to maintain it. The road has not been constructed. Its construction is simply in contemplation of the

parties. This act gives the commissioners no authority to sell interest-bearing warrants, with interest coupons attached, payable in the future, to raise cash to make an appropriation for the purpose of constructing public roads. This would be borrowing money on interest-bearing warrants, payable in the future, to construct public roads. This is contrary to the statute. It is not authorized by it. Sections 1 and 8, Acts 1920, p. 10; Hendrix v. Fountain, 206 Ala. 65, 89 South. 449.

We find no error in the record. The decree is affirmed.

Affirmed.

All the Justices concur.