(92 South. 902)

GAMBLE et al. v. COMMISSIONERS' COURT OF ST. CLAIR COUNTY et al. (7 Div. 264.)

(Supreme Court of Alabama. April 13, 1922.)

Counties ☞164—County commissioners' court without power to issue and sell warrants to raise funds to build roads.

Acts Sp. Sess. 1920, p. 10, authorizing the county commissioners' court to issue and sell interest-bearing warrants for settlement of any debt or obligation incurred in construction or maintenance of public roads, gives the court no power to issue and sell such warrants to raise a fund for disposition in the construction and improvement of roads.

Appeal from Circuit Court, St. Clair County; W. J. Martin, Judge.

Bill by J. G. Gamble and another against the Commissioners' Court of St. Clair County to enjoin the issuance and sale of interest-bearing warrants to assist in the construction of highways and bridges. From a decree dissolving the injunction, and dismissing the bill, complainants appeal. Reversed and remanded.

M. M. Smith and Frank B. Embry, both of Pell City, for appellants.

The commissioners' court was without authority to issue the warrants. 144 Ala. 579, 42 South. 66; 98 Ala. 535, 13 South. 328; 29 Cyc. 1308; 51 Ala. 128; 159 Ala. 596, 48 South. 675; 193 Ala. 275, 69 South. 554, Ann. Cas. 1918B, 593.

James P. Montgomery, C. R. Robinson, and Embry & Merchant, all of Ashville, for appellees.

Brief of counsel did not reach the Reporter.

McCLELLAN, J. Bill by taxpayers to restrain the commissioners' court of St. Clair county from issuing and selling St. Clair county interest-bearing warrants to provide a fund for disposition by the state highway commission in the construction or improvement of a highway in St. Clair county; this in asserted virtue of the act approved September 28, 1920 (Acts Sp. Sess. 1920, p. 10).

According to the authority of Court of County Commissioners of De Kalb County v. McCartney (Ala. Sup.) 92 South. 439,[1] it must be held that the act cited does not confer the power undertaken to be exercised by the St. Clair commissioners' court. The court below ruled to the contrary, and its decree is laid in error. The decree is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 230.