147 So. 176

## MURPHY et al. v. CRAFT.

### 6 Div. 235.

Supreme Court of Alabama.

March 16, 1933.

Rehearing Denied April 13, 1933.

R. J. McClure, of Birmingham, for appellee.

Chas. W. Greer, of Birmingham, for appellants.

BROWN, Justice.

This bill is filed by appellee against his coadventurers, Murphy and Hillhouse, the appellants, and J. M. Wood, to compel contribution by the coadventurers to losses sustained in the adventure suffered by the complainant in money paid and property sacrificed in meeting obligations growing out of the joint adventure, and for incidental relief against Wood in transactions arising out of said joint adventure.

The appellants demurred to the bill, for want of equity and other grounds, which demurrer the court overruled, and from that decree this appeal is prosecuted.

It is well settled that while a joint adventurer may sue his coadventurer in an

action at law for a breach of the contract, or to recover from him his proportion of the expenses or his share of the profits, yet where a single action will not suffice to terminate the entire controversy, such adventurer may invoke the jurisdiction of a court of equity for an accounting. Elledge v. Hotchkiss, 222 Ala. 129, 130 So. 893; Saunders v. McDonough et al., 191 Ala. 119, 67 So. 591.

■ The appellants' first contention is that the bill is wanting in averments to show that the appellants were under obligation or duty to contribute to the losses. The bill avers that the adventure was "to jointly purchase for resale at a profit, a certain twenty-five acre tract of land located in Broward County, Florida, at an agreed price of $12,-500.00, payable one-third cash, and the balance payable on or before one and two years in equal payments, respectively, after date, to be secured by a mortgage on said property for the balance of said purchase price. It was agreed between complainant and said respondents, Dr. G. E. Murphy and W. B. Hillhouse, that as complainant was then residing at Miami, Florida, and engaged in other real estate transactions, and the respondents were then residing in Birmingham, Alabama, and unable to give the resale of said property their personal attention, the title to said property be taken in the name of your complainant, who would execute the mortgage thereon securing the balance of said purchase price, and that complainant handle said property for resale for the interests of the complainant and said respondents * * *." That, following said agreement and in accordance therewith, each of the parties paid his proportionate share of the cash payment, and a deed was executed to the complainant, and complainant executed his two promissory notes to the grantor, one Kennedy, for the balance due on the purchase price, and a mortgage on the property to secure the same, the first of said notes being payable on or before one year from date, and the other, two years from date; that the activities in real estate soon thereafter subsided and complainant was unable to resell the property, and each of the coadventurers, when the semiannual installment of interest matured, contributed his share in payment thereof, and the interest was paid; that when the first principal note matured, complainant had been unable to effect a resale of the property, although he had made diligent effort to do so; that thereupon the parties had a conference as to what course to pursue, and respondents authorized complainant to decline payment of said note, and to contest the payment of the entire mortgage indebtedness, and authorized complainant to engage counsel to handle the litigation; that payment was refused, resulting in a suit being filed on the notes against complainant in the circuit court of Jefferson county, by the holder, J. M. Wood, and complainant paid said counsel a fee for such legal services, and following their advice that they could not defeat said suit, and that a compromise was advisable, that he effectuated a compromise, on the advice of said attorneys, as "the best which could be obtained," and paid out money and property in carrying out the same, the details being stated in the bill.

These averments show that complainant and the respondents Murphy and Hillhouse were joint purchasers, and as between themselves were each liable to the other to contribute ratably in the payment of the purchase money; that complainant took the title, in trust, with power of disposal for the best interest of all concerned. 33 C. J. 858, § 57. Each, in the absence of express agreement to the contrary, or bad faith on the part of the trustee, is liable to contribute ratably for the losses resulting from the adventure. The appellants' contention noted is not therefore tenable. 33 C. J. 865, § 81.

■ The next contention is that the bill fails to aver that respondents Murphy and Hillhouse agreed to pay any part of the balance due on the purchase price. While there is no direct averment to this end, the legal effect of the transaction, as alleged, is to this effect. The parties were joint purchasers of the property.

■ Nor is the bill subject to the objection of multifariousness. The subsequent transaction with Wood in respect to the settlement related to and was an incident of the joint adventure, and was effected on the advice of counsel employed by and with the consent and concurrence of the complainant's coadventurers, and the bill as related to Wood proceeds in the interest of the joint adventurers. Code 1923, § 6526.

■ The entire controversy could not be settled in a single action at law, and on the principle first above stated, we are at the conclusion that the bill has equity, and the demurrer thereto was overruled without error.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.