187 So. 862

### DODSON v. BEAIRD, Road and Bridge Com'r.

#### 6 Div. 484.

Supreme Court of Alabama.

April 13, 1939.

Rehearing Denied April 20, 1939.

Earney Bland, of Cullman, for appellant.

St. John & St. John, of Cullman, for appellee.

ANDERSON, Chief Justice.

Bill by appellant, a taxpayer, to restrain and enjoin the issuance of certain road warrants by the appellee.

It appears that the appellee is the duly appointed Road and Bridge Commissioner of Cullman County, under and by virtue of an Act of the Legislature, known as House Bill 152 and approved February the 15th, 1939. Said act clothes the said commissioner with the duties and authority, if not more, vested in the Board of Finance and Control of Cullman County, wherein the authority and duties of the County Commissioners or Board of Revenue were transferred and reposed in the said Board of Finance and Control created under the Local Acts of 1936, Sp. Sess., p. 70, and which authority and duties are now being exercised by the appellee under the said Act of 1939.

This case falls directly under the influence of Lyon v. Shelby County, 235 Ala. 69, 177 So. 306, approved and amplified in Isbell v. Shelby County et al., 235 Ala. 571, 180 So. 567. See also Herbert v. Perry, 235 Ala. 71, 177 So. 561.

▮ The only point made in brief of appellant against the present proposed issue of warrants is that they do not propose to be issued for a past due or existing indebtedness as distinguished from a future obligation or indebtedness to be incurred under the agreement set out or referred to between the County and State Highway Authority looking to the joint improvement and construction of the Cullman County roads, relying on the case of Court of County Com'rs of De Kalb County et al. v. McCartney, 207 Ala. 230, 92 So. 439. It is sufficient to say that that case dealt with a statute unlike the ones dealt with in the cases supra, and the ones controlling the present case.

The decree of the circuit court denying the relief sought by the original bill and awarding the appellee relief sought by his cross-bill is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

### On Rehearing.

ANDERSON, Chief Justice.

The appellant in the application insists upon questions not stressed in brief on submission of the case, and ordinarily we would not consider these questions, but appellee has consented and joined in the request that they be considered.

The decree appealed from was rendered by the circuit court under the Declaratory Judgment Act, Acts 1935, p. 777, and the decree adjudged and declared:

"(1) The respondent and cross complainant has power and authority to issue and sell the said new warrants in the manner, for the purposes and at the price referred to in the said bill of complaint, and to cause the proceeds derived from the sale thereof to be expended in the manner set out in said bill of complaint prior to the construction of the roads and bridges proposed to be constructed under the provisions of the agreement between said county and the State of Alabama as set out in Exhibit A to the said bill of complaint.

"(2) The respondent and cross complainant has authority to order separated and segregated from the road and bridge funds of said county for the payment of said new warrants so proposed to be issued and the interest thereon such portion as may be necessary of the proceeds to be received by said county from the gasoline tax levied by the State of Alabama and distributed to said county.

"(3) The said new warrants so proposed to be issued by the respondent and cross complainant, when executed in the manner required in the Act referred to in said bill of complaint creating the office of Road and Bridge Commissioner of said county, and when issued and paid for in the manner proposed in said bill of complaint, will be valid warrants of said county payable solely out of the proceeds to be received by said county from the said gasoline tax levied by said state and distributed to said county."

▮ By the judgment of affirmance here entered that decree is merged in the judgment of this court and affirms the rights and powers therein declared. Louisville & N. R. Co. v. Mauter, 203 Ala. 237, 82 So. 487; Wilson v. Isbell, 45 Ala. 142; Dane et al. v. McArthur, 57 Ala. 448; Werborn v. Pinney, 76 Ala. 291.

This, it would seem, answers every question presented on the record. Moreover, in the original opinion, we declared that the local Act "clothes the said commissioner with the duties and authority, if not more, vested in the Board of Finance and Control of Cullman County, wherein the authority and duties of the County Commissioners or Board of Revenue were transferred and reposed in the said Board of Finance and Control created under the Local Acts of 1936, Sp.Sess., p. 70, and which authority and duties are now being exercised by the appellee under the said Act of 1939."

In Isbell v. Shelby County, 235 Ala. 571, 180 So. 567, it was held that counties had authority to issue and dispose of interest bearing warrants for highway construction purposes and no reason occurs to us, and none has been suggested, why the proceeds of the sale of such warrants may not be used to refund warrants of like character issued by the Board of Finance and Control under the former Local Acts.

Upon rehearing opinion extended and application overruled.

GARDNER, BOULDIN, and FOSTER, JJ., concur.