29 So.2d 133

**FAUST v. FAUST et al.**

4 Div. 422.

Supreme Court of Alabama.

Jan. 16, 1947.

Rehearing Denied Feb. 20, 1947.

J. C. Fleming, of Elba, and Jack Crenshaw, of Montgomery, for appellant.

662

Chas. O. Stokes, of Ozark, for appellees.

BROWN, Justice.

The appellees are the personal representatives of the estate of W. M. Faust, Sr., deceased, by appointment of the Probate Court of Dale County wherein administration proceedings were originally instituted after the death of said Faust in the year 1940. After procuring the removal of said administration proceedings to the circuit court in equity from said probate court, the appellees as joint administrators of said estate filed this bill against the appellant R. L. Faust ancillary to the administration proceedings, seeking to discover and recover assets in the hands of the defendant who, as the bill alleges, occupied a fiduciary relation to the said decedent, "Either as partners or as joint adventurers or as business associates in some capacity to complainants unknown * * * and complainants do not know * * * and are unable here and now to state the exact and precise nature and character of said enterprise between the said intestate and R. L. Faust."

This appeal is from a final decree granting relief to complainants after ascertaining the nature of said fiduciary relation as that of partners in business equal in interest and decreeing that the complainants were entitled to recover from the defendant $4,500, the value of the interest of said W. M. Faust, deceased, at the time of his death.

The defendant demurred to the bill for want of equity and on sundry specific grounds and the demurrer was overruled. He now insists that in overruling the demurrer the court committed reversible error, his contention being that the bill is purely a fishing bill to ascertain facts to support the complainants' cause of action and that the allegations which we have quoted from the bill and as set forth in appellant's brief are indefinite and uncertain as to the business relation existing between the deceased and the defendant prior to and up to the time of decedent's death. These contentions are not sustained. The bill is one for discovery and relief, ancillary to the administration proceeding pending in the court wherein this bill was filed, and the discovery sought is incidental to the equities in the complainants as the personal representatives of the estate to discover and recover assets belonging to said estate. Dudley v. Martin et ux., 241 Ala. 435, 3 So.2d 7; Alabama Butane Gas Co. et al. v. Tarrant Land Co., 244 Ala. 638, 15 So.2d 105; Shelton et al.

v. Timmons, 189 Ala. 289, 66 So. 9; Adams v. Adams, 199 Ala. 46, 73 So. 984.

The insistence that the allegations as to the business relation between the defendant and W. M. Faust, deceased, is indefinite is not presented in the absence of specific demurrer which pointed out this defect. Equity Rule 14, Code of 1940, Tit. 7 Appendix, p. 1052; Whiteman v. Taber, 203 Ala. 496, 83 So. 595; Louisville & N. R. Co. v. Cowley, 164 Ala. 331, 50 So. 1015; Grayson v. Roberts, 229 Ala. 245, 156 So. 552.

The insistence that the complainants are guilty of laches in the assertion of their right to relief against defendant is without merit. W. M. Faust, Sr., died in 1940. The bill was filed in 1942 by the personal representatives and it does not appear from the face of the bill that the complainants were guilty of unreasonable delay in the institution of this proceeding.

The appellant insists that the complainants' testimony shows that they had full knowledge of the relation between the decedent and R. L. Faust at the time the bill was filed and hence this testimony disproves the allegations of the bill upon which its equity rests as a bill for discovery and, therefore, the complainants were not entitled to relief.

As we have pointed out, the bill is not one strictly for discovery but is for relief and discovery and is ancillary to the administration proceedings over which the court has assumed jurisdiction. In these circumstances the verification of the bill was wholly unnecessary and the sole effect of such verification, if the verification was inconsistent with the allegations of the bill, goes to the credibility of the testimony and not its admissibility. Hall v. McKeller, 155 Ala. 508, 46 So. 460. Another reason why this contention is unsound is the averments of the bill are made on information and belief and do not affirm as a positive fact that complainants were without knowledge as to the true fiduciary relation between the parties.

After careful consideration of the testimony in the case, we find evidence that warranted the conclusion stated by the court in the decree that the relation existing between the defendant and W. M. Faust, deceased, was that of partners in business; that they each invested in said business $2,500 in cash and at the time of the death of said W. M. Faust the partnership had assets in mortgages and notes showing a face value of some nine to ten thousand dollars and in the absence of evidence on the part of defendant to show that the said securities were not worth their face value and the persistent evasions and refusal of the defendant to disclose any facts pertinent to the value of the assets of said partnership, the court was justified in accepting the proof as sufficient to justify the decree which was rendered.

The admissions of the defendant to his brother Col. Faust were admissions against interest that not only tended to show the fiduciary relation but also the nature and extent thereof and these admissions were not within the rule of exclusion of Code of 1940, Tit. 7, § 433. 22 C.J. p. 297, § 324; 31 C.J.S., Evidence, § 272; Warner et al. v. Warner, Ala.Sup., 28 So.2d 701.

It is also settled law that parties to a joint business adventure though not strictly a partnership are entitled to invoke the jurisdiction of a court of equity for accounting and settlement of their affairs. Elledge v. Hotchkiss, 222 Ala. 129, 130 So. 893; Murphy v. Craft, 226 Ala. 407, 147 So. 176.

Whether the court should order a reference or proceed to state the accounts between the parties was a matter addressed to the court's sound discretion. Smoot v. Miller, 243 Ala. 80, 8 So.2d 571.

The defendant by cross-bill seeks to require an accounting from the complainants as personal representatives of W. M. Faust, deceased, and as individuals for money of said decedent alleged to have been collected by them during his life and converted to their own use and for which they are alleged to be liable as for money had and received. The cross-bill was dismissed on final hearing and its dismissal is made the basis of one of the assignments of error. If as alleged in said cross-bill the said W. M. Faust, Jr., and Virginia Ragsdale collected money belonging to said W.

M. Faust, Sr., during his lifetime, this constituted a debt for which they were liable to him, and when they procured their appointment as personal representatives of his estate and accepted that office, said indebtedness due from them to the decedent was transmuted from a chose in action to a chose in possession in their hands in their representative capacity, as assets of said estate, for which they were required to account in the final settlement of said estate in the administration proceedings. Miller v. Irby's Adm'r, 63 Ala. 477; Lindsey v. Lindsey, 229 Ala. 578, 158 So. 522; Code 1940, Tit. 61, § 295.

We find no error in the record. The decree is affirmed.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.