44 So.2d 580

### FAUST v. RAGSDALE.

### 4 Div. 519.

Supreme Court of Alabama.

Oct. 20, 1949.

Rehearing Denied March 9, 1950.

J. C. Fleming, of Elba, for appellant.

Chas. O. Stokes, of Ozark, for appellee.

LAWSON, Justice.

The appellant filed a bill in this cause seeking a review of a decree of the circuit court of Dale County, in equity, rendered July 15, 1946. The bill of review seeks to have the said decree of July 15, 1946, set aside for newly discovered evidence. The appeal is from a decree sustaining the demurrer of appellee.

It affirmatively appears from the bill that the appellant appealed to this court from the decree of July 15, 1946, and that we affirmed the decree of the trial court. Faust v. Faust et al., 248 Ala. 660, 29 So. 2d 133.

As a result of the judgment of affirmance here entered, the decree of July 15, 1946, became merged with the judgment of this court. Dodson v. Beaird, 237 Ala. 587, 187 So. 862; Louisville & N. R. Co. v. Mauter, 203 Ala. 237, 82 So. 487; Werborn v. Pinney, 76 Ala. 291.

We have heretofore held that when a decree of a trial court has been affirmed by this court and thereby becomes merged with a judgment of this court, permission of this court is necessary to the filing of a bill of review. Stuart v. Strickland et al., 203 Ala. 502, 83 So. 600; Louisville & N. R. Co. v. Mauter, supra; Stallworth v. Blum, 50 Ala. 46. In Stuart v. Strickland, et al., supra, it was held that where there has been such a merger and the bill fails to show permission of the appellate court to file the bill, the bill is demurrable. Ground 6 of the demurrer filed by appellee sufficiently raised the point.

Appellant contends that the cases heretofore cited as holding that permission of the appellate court is necessary to file a bill of review when there has been a merger of the decree of the trial court with that of the appellate court are not controlling here in view of Equity Rule 66, Code 1940, Tit. 7 Appendix, which in pertinent part provides as follows: "A bill of review may be filed without first applying for leave, at any time within three years after the rendition of a decree which is final as to the right of any party, however he may have come or been brought into court, and whether or not a decree pro confesso was taken against him. * * *"

The above-quoted provisions of Rule 66 have no effect on the question here presented. Such provisions do change the rule that formerly existed whereby it was necessary for a complainant to secure permission of the trial court before filing a bill of review. But the changes wrought by Equity Rule 66 do not affect the principle that where the judgment or decree of the trial court becomes merged in the judgment of this court, the trial court can make no order altering or modifying the terms of a judgment of this court. Werborn v. Pinney, supra.

A demurrer is a single entity and if one ground is good a decree sustaining the demurrer is correct. Webb v. Lamar, 235 Ala. 533, 180 So. 545. Ground No. 6 of the demurrer taking the point that the bill, although showing a merger of the decree of the trial court with the judgment of this court, failed to show permission of this court to file the bill of review, was properly sustained.

The decree of the trial court is affirmed.

Affirmed.

BROWN, FOSTER, LIVINGSTON, SIMPSON, and STAKELY, JJ., concur.