See also, 251 Ala. 35, 36 So.2d 232.

51 So.2d 671

**FAUST v. FAUST et al.**

4 Div. 591

Supreme Court of Alabama.

March 29, 1951.

1. Ante, p. 7.

Frank J. Mizell, Jr., of Montgomery, for petitioner.

Chas. O. Stokes, of Ozark, for respondents.

LAWSON, Justice.

This is an application to this court for permission to file a bill of review in the circuit court, in equity, sitting in Dale County. The decree sought to be reviewed was appealed to this court and was affirmed, as shown by the report of the case of Faust v. Faust, 248 Ala. 660, 29 So.2d 133. Permission of this court is, therefore, necessary. Ex parte Stanley, 50 So.2d 242;[1] Faust v. Ragsdale, 253 Ala. 424, 44 So.2d 580, and cases cited.

W. M. Faust, Sr., a resident of Dale County, died in 1940. W. M. Faust, Jr., and Virginia Ragsdale, son and daughter of W. M. Faust, Sr., became the personal representatives of the estate of W. M. Faust, Sr., by appointment of the probate court of Dale County. The administration of the estate was removed to the equity court. Thereafter, the personal representatives of the estate of W. M. Faust, Sr., filed their bill in the circuit court of Dale County, in equity, against R. L. Faust, another son of W. M. Faust, Sr. The bill was ancillary to the administration proceedings and sought to discover and recover assets in the hands of R. L. Faust who, as the bill alleged, occupied a fiduciary relation to his father, W. M. Faust, Sr., "either as partners or as joint adventurers or as business associates in some capacity to complainants unknown * * * and complainants do not know * * * and are unable here and now to state the exact and precise nature and character of said enterprise between the said intestate and R. L. Faust."

After his demurrer was overruled the respondent, R. L. Faust, filed his answer, wherein he denied all the material averments of the bill of complaint. In answer to interrogatories propounded to him by the personal representatives of his father's estate, R. L. Faust stated in substance that he and his father had never been partners in business nor had they engaged in a joint adventure; that his only business connection with his father was as an employee. His testimony on the trial of the case was to the same effect.

The trial court found that W. M. Faust, Sr., and R. L. Faust had been partners in business, with equal interests in the busi-

372

ness, and decreed that the complainants, the personal representatives of W. M. Faust, Sr., recover from R. L. Faust the sum of $4,500, the value of the interest of W. M. Faust, Sr., in said partnership at the time of his death.

As before pointed out, R. L. Faust appealed from that decree to this court and we affirmed. Faust v. Faust, 248 Ala. 660, 29 So.2d 133. Rehearing was denied on February 20, 1947.

R. L. Faust paid the said sum of $4,500 and the sum as paid became a part of the assets of the estate of W. M. Faust, Sr., in the hands of the administrators to be distributed.

On July 15, 1946, the circuit court of Dale County, in equity, rendered a final decree confirming the register's report on the correctness of the accounts and vouchers of the administrators of the estate of W. M. Faust, Sr., for final settlement and ordered a distribution of said estate. R. L. Faust appealed from that decree to this court. We affirmed. Faust v. Faust, 251 Ala. 60, 36 So.2d 229. Rehearing was denied June 30, 1948.

On October 8, 1947, R. L. Faust filed in the circuit court of Dale County, in equity, a bill of review to vacate the decree which we affirmed in Faust v. Faust, 248 Ala. 660, 29 So.2d 133, on the ground of newly discovered evidence. This bill of review was dismissed for want of prosecution on January 27, 1948. This decree of dismissal was rendered in open court.

■ On April 14, 1948, R. L. Faust filed in the circuit court of Dale County, in equity, a second bill of review seeking the same relief on the same ground as in the first bill of review, which he filed on October 8, 1947. Neither bill of review called upon the trial court to suspend the decree sought to be reviewed until a decree was rendered on such bill of review. Equity Rule 66, Code 1940, Tit. 7 Appendix. A demurrer containing many grounds was interposed to this last bill of review. The trial court sustained the demurrer generally without specifying any particular ground. From the decree sustaining demurrer to his bill of review, R. L. Faust appealed to this

court. We affirmed. Faust v. Ragsdale, 253 Ala. 424, 44 So.2d 580. Our affirmance was based solely on the sufficiency of ground 6 of the demurrer, which took the point that although the bill showed on its face that the decree sought to be vacated had become merged with the judgment or decree of this court, it failed to appear from the averments of the bill that the permission of this court to file the bill of review had been granted. We considered no other ground of demurrer, as a demurrer is a single entity and if one ground is good a decree sustaining the demurrer should be affirmed. Webb v. Lamar, 235 Ala. 533, 180 So. 545.

After the rendition of our decision in Faust v. Ragsdale, 253 Ala. 424, 44 So.2d 580, but before the application for rehearing had been acted on, R. L. Faust filed the instant petition in this court for permission to file a bill of review in the circuit court of Dale County, in equity.

■ The ground upon which the petition for leave to file a bill of review is based is that of newly discovered evidence. Such a ground is proper under a bill of review rather than one in the nature of a bill of review. Ex parte Stanley, supra.

The averments of the petition which relate to newly discovered evidence are as follows: "4. Petitioner alleges that subsequent to the original decree sought to be reviewed and dated July 15, 1946, and on or about October 7, 1947, a third party discovered books and records pertaining to the aforesaid partnership, which books and records were not available at the time of taking testimony in the original cause by reason of the fact that said records and books had been stolen from the petitioner's place of business during his absence for military service in the Armed Forces of the United States. Petitioner further alleges that said books and records constitute direct primary evidence as to the affairs and status of the aforesaid partnership business, and that upon examination and consideration thereof by the appropriate Court, it would in justice and equity be declared and adjudged that this petitioner was not indebted to the aforesaid estate in the sum of $4,500.00, or perhaps was not

indebted in any sum whatever to said estate. Therefore, petitioner charges that by reason of the aforesaid newly discovered evidence which was appurtenant to the issues of the original cause and not available upon the trial of said original cause, leave should be given to petitioner to file his bill in the Circuit Court of Dale County to review said original decree of July 15, 1946."

█ We held in Faust v. Ragsdale, 253 Ala. 424, 44 So.2d 580, that the provisions of Equity Rule 66, Code 1940, Tit. 7, Appendix, to the effect that a bill of review may be filed without first applying for leave if timely filed, has no application where the decree sought to be reviewed had been merged with the judgment or decree of this court. Under such circumstances permission of this court must be obtained and generally speaking, the question as to whether permission shall be granted is addressed to our discretion. "The allowance by an appellate court of a petition for permission to file a bill of review in the trial court is addressed to the sound judicial discretion of the court and should be exercised cautiously and sparingly and only in cases when it is clearly demonstrated that the interests of justice will undoubtedly be served thereby." Seven Up Co. v. Cheer Up Sales Co., 8 Cir., 153 F.2d 231, 232.

█ The averments of the bill which we have quoted above show that petitioner now claims that he has in his possession books and records pertaining to the "aforesaid partnership" and that "said books and records constitute direct primary evidence as to the affairs and status of the aforesaid partnership."

So it appears that petitioner would have the decree vacated and a new trial had so that he might defend the case on an entirely different theory, for as we have heretofore shown, petitioner defended the suit on the theory that no partnership existed between himself and his father.

Taking into consideration the generality of averments as to the nature of the books and records, the long history of this litigation, which shows the failure of petitioner on two occasions to present his petition to the proper forum, together with the fact that he now seeks to be permitted to set up a defense entirely incongruous with his original defense, we do not think that the petitioner should be permitted to file a bill of review in the circuit court of Dale County, in equity.

As shown above, we do not base our conclusion solely on the fact that there is incongruity between the two defenses, but it is a matter to be considered. Hardwick v. American Can Co., 115 Tenn. 393, 89 S.W. 735, 1 L.R.A.,N.S., 1029.

Petition denied.

LIVINGSTON, C. J., and FOSTER and STAKELY, JJ., concur.