173 So.2d 93

**Kenneth BEASON et al.**

**v.**

**Lula Beason BOWLIN et al.**

**7 Div. 606.**

Supreme Court of Alabama.

March 18, 1965.

Embry & Whitten, Pell City, for petitioners.

Starnes & Holladay, Pell City, opposed.

GOODWYN, Justice.

This is a petition to this court for permission to file a bill of review in the cir-

cuit court of St. Clair County, in equity. The decree sought to be reviewed was appealed to this court and here affirmed. See: Beason v. Bowlin, 274 Ala. 450, 149 So.2d 283. Our conclusion is that such permission is due to be granted.

The affirmed decree ordered a sale of certain real estate, described in the decree, for division of the proceeds of sale among the joint owners.

The petition now before us alleges the discovery of new evidence which, if presented to the lower court and there sustained, would support a modification of the decree.

We have held that when a decree of a trial court is affirmed here, it becomes merged in the judgment of affirmance and permission of this court is necessary to the filing in the trial court of a bill to review the decree. See: Faust v. Faust, 255 Ala. 370, 51 So.2d 671; Faust v. Ragsdale, 253 Ala. 424, 44 So.2d 580; Dodson v. Beaird, 237 Ala. 587, 187 So. 862; Werborn v. Pinney, 76 Ala. 291. We have also held that, "generally speaking, the question as to whether permission shall be granted is addressed to our discretion." See: Faust v. Faust, supra.

Although the averments of the petition concerning the discovery of the purported new evidence are not as fully particularized as they might be, any such deficiency in the bill of review to be filed may be tested by demurrer in the trial court. Accordingly, we limit our decision at this time to the exercise of discretion in granting permission to file the bill of review. (See: Supreme Court Rule 49, adopted Feb. 23, 1965, making it unnecessary to obtain permission of the Supreme Court to file bills of review and bills in the nature of bills of review).

Permission granted.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.