# Chapman *v.* Ewing & Ammerman.

### *Judgment on Award.*

1. *Submission of pending suit to arbitration; substitution of arbitrator.* When a pending suit is, by agreement, submitted to the decision of three persons named as arbitrators, and the cause is continued to await their award (Code, § 3536); and the judgment-entry at a subsequent term recites that the parties came by their attorneys, and it was thereupon " ordered by the court " that another person " be appointed arbitrator instead of " one of the three first appointed; if this shows an appointment by the court, and not by the parties, the irregularity is waived, unless objection is made to it in the court below.

2. *Continuance beyond next term; waiver of objection.*—The statute provides that "such continuance must not extend beyond one term, unless for good cause shown, or by consent;" but, if the parties are present when an order is made at the second ensuing term after the submission, and do not object to it, the irregularity is waived.

3. *Time within which award may be made.*—When the submission is dated September 1st, and provides that the award shall be rendered within thirty days, an award rendered on the 1st October is within its terms.

4. *Conclusiveness of award; parol evidence of mistakes.*—An award, made in substantial conformity to statutory requirements, and determining with proper certainty all the matters submitted, is final and conclusive between the parties, unless impeached for fraud, partiality or corruption on the part of the arbitrators (Code, § 3547); and the oral testimony of the arbitrators themselves can not be received, on motion to enter up the award as the judgment of the court, to show errors or mistakes in their decision.

5. *Return of award to court; mandamus to compel.*—When an award has been duly made and signed by the arbitrators, the party in whose favor it is rendered has a legal right to have it returned to the clerk of the court, in order that judgment may be entered upon it; and if, having been duly returned, it is subsequently withdrawn by one of the arbitrators, before judgment has been entered up on it, *mandamus* lies to compel its restoration to the files.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

The record in this case shows that, on the 1st November, 1877, an action was commenced by the appellees, suing as partners, against Reuben Chapman and others, the appellants; that at the June term, 1882, by agreement, as recited in the minute-entry, the cause was submitted to the " arbitrament of R. H. Wilson, David Wise, and John L. Rison, whose award shall be the judgment of the court;" that at the August term, 1883, as the minute-entry recites, " came the parties by their attorneys, and ordered by the court that L. W. Day be appointed

arbitrator instead of David Wise;" that an award was made and signed by said Wilson, Rison and Day, which was dated September 29th, 1883, but was in fact signed by them on the 1st October; that this award was returned by one of the arbitrators to the clerk of the court, but was afterwards withdrawn from the files by said arbitrator, the date of said return and withdrawal not being shown; that on the 31st January, 1884, the appellees, in whose favor the award was rendered, filed a petition for a *mandamus*, to compel the arbitrators to return the award to the clerk of the court, and also entered a motion to have judgment entered up on it, alleging that it had been returned to the clerk on the 20th December, 1883; that the motion and the application for a *mandamus* were each resisted by the appellants, who reserved exceptions to the rulings of the court, but each motion was granted, against their objections and exceptions. The appeal is sued out from the judgment entering up the award, and it is here assigned as error; and errors are also assigned on the overruling of a demurrer to the petition for *mandamus*, and the judgment granting a peremptory *mandamus*.

WATTS & SON, and HUMES, GORDON & SHEFFEY, for the appellants.

JNO. D. BRANDON, and D. D. SHELBY, *contra*.

SOMERVILLE, J.—The statutes of this State declare, that "it is the duty of all the courts to encourage the settlement of controversies pending before them, by a reference thereof to arbitrators, *chosen by the parties or their attorneys*, and, on motion of the parties, must make such order, and continue the cause for award; but such continuance must not extend beyond one term, unless for good cause shown, or by consent."—Code 1876, § 3536.

The judgment of the Circuit Court recites the fact that, in June, 1882, the parties to the present suit appeared by their attorneys, and "by agreement" it was ordered that the cause be submitted to the arbitrament of three named arbitrators, including among them one David Wise; and the cause was ordered to be continued to await the coming in of the award. On the seventh of August, 1883, at a regular term of the same court, the following judgment-entry appears: "Come the parties, by their attorneys, and ordered by the court that L. W. Day be appointed arbitrator instead of Daniel Wise." It is suggested that the order shows that the last named arbitrator was appointed by the court, and not chosen by the parties or their attorneys, as required by the statute. The point, in our

[Chapman v. Ewing & Ammerman.]

opinion, is without any force, especially in view of the fact that it is raised for the first time in this court. The parties appeared in open court, and made no objection to the substituted arbitrator. This acquiescence operated as an implied assent to his appointment. The appellants, moreover, proceeded without objection to have the cause heard and determined before the board of arbitrators as thus constituted, taking the chances of a favorable decision in their behalf; and the objection was thereby waived, if there was anything in it.—Morse on Arb. & Award, 171–172. And for the same reason the parties lost their right to avail themselves of any objection based upon a continuance of the cause pending in the Circuit Court beyond one term of such court, which is forbidden by the statute, "unless for good cause shown, or by *consent.*" Code, § 3536.

The award was, in our opinion, made within the time agreed by the parties. The agreement of counsel was dated September 1, 1883, and provided that the arbitrators should make their award in thirty days from date. This time did not expire until after the lapse of October 1st following, which was included within these thirty days, according to the established rule for computing the time within which any act is provided by law to be done.—Code, 1876, § 11. The award in controversy was not only made, but was formally reduced to writing, and signed by the arbitrators, within the prescribed time.

The award certainly determined with all proper certainty the matters of controversy which purported to be submitted to arbitrament. It could not, therefore, be inquired into, nor impeached for any mere want of form or irregularity, this being the express provision of the statute. So, the statute also declares that such award, when rendered in substantial conformity to statutory requirements, is final and conclusive between the parties, "unless the arbitrators are guilty of fraud, partiality, or corruption in making it."—Code, § 3547. It was not competent, in view of this provision, to assail the award, or contest its validity, by the parol testimony of the arbitrators, or of others, upon the ground that they committed mere error or mistake in reaching their adjudged conclusion. There is no attempt to show fraud, partiality, or corruption.—*King v. Jemison,* 33 Ala. 499.

The successful party had the lawful right to have the award and the submission returned to the clerk of the court from which the order for arbitration emanated; the statute so expressly providing, and declaring further that such award, when thus returned, should have "the force and effect of a judgment at law, upon which execution may issue as in other causes." Code, § 3541. The duty of making this return, especially

[Chapman v. Ewing & Ammerman.]

after the award had been once delivered to the clerk, and was afterwards, by his consent, taken by one of the arbitrators from the clerk's office, was a mere ministerial act, requiring no exercise of judgment or discretion whatever on the part of the arbitrators. The result reached being final, the arbitrators had no further control over the award, without the consent of all the parties litigant.—2 Pars. Contr. (6th Ed.) 712. We entertain no doubt of the proposition, that *mandamus* would lie in such a case, the petitioner having no other adequate relief; for no appeal would lie from the award, until it had been entered up as the judgment of the court.—*Collins v. L. & N. Railroad Co.*, 70 Ala. 533; *The State, ex rel. Pinney v. Williams*, 69 Ala. 311; *Ex parte Shaudies*, 66 Ala. 134.

We find no error in any of the rulings of the court, and its judgment, granting appellees' motion to enter judgment upon the award, must be affirmed.