# Snodgrass *v.* Armbrester.

*Judgment on Award under Order of Court.*

1. *Submission of pending suit to arbitration; statement in writing of matters submitted.*—When a pending suit is referred to arbitration, by an order of court entered by consent of the parties, there is no necessity for a statement in writing of the matters submitted (Code, §§ 3221–23), since the pleadings show with sufficient certainty the matters in dispute.

2. *Same; substitution of arbitrator.*—If one of the arbitrators named in the order of court declines to act, another person may be substituted in his stead by oral agreement; and it is sufficient if these facts are shown only by the award.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JOHN B. TALLY.

The record in this case shows that, on the 19th March, 1887, a statutory action of detinue for a hog was commenced in a justice's court, by W. H. Armbrester against W. E. Snodgrass; that the cause was removed by the defendant, by appeal from the justice's judgment, into the Circuit Court; that an order was entered in that court, November 16, 1887, referring the cause to H. H. Horton, T. D. Stearns and John W. Barnett, as arbitrators, "by agreement and consent of parties;" that the cause was continued, from term to term, until August 5th, 1889, when an award in favor of the plaintiff was filed in court, and entered up as the judgment of the court; that on the 23d August, 1889, a petition was filed in court by the defendant, asking to set aside the award and the judgment entered on it, and that the court overruled and dismissed it. The award was dated July 25th, 1889, and was signed by T. D. Stearns, J. W. Barnett, and J. M. Thompson; and it recited that, H. H. Horton, one of the arbitrators named in the order of reference, having declined to serve, "J. M. Thompson was, by consent of the parties, appointed as arbitrator in his stead."

The petition or motion to set aside the award and the judgment entered on it, specified these objections to it: (1.) "Because it is not such an award as can be entered up as the judgment of the court without the consent of the defendant, and the defendant has not given his consent." (2.) "Because there was no written submission signed by the parties, as the statute requires, stating the matter in dispute between them,

and that they desired to leave the same to the determination of said arbitrators ; and said arbitrators had no such written submission filed or left with them before they proceeded to hear and determine said cause." (3.) "Because said award is not made or signed by the arbitrators named in the order of reference made by the court, but shows on its face that only two of them acted and signed said award, and that J. M. Thompson was substituted and chosen in place of H. H. Horton; but there was no order of court, nor writing signed by the parties, authorizing such substitution." The judgment entering up the award, and the judgment refusing to set it aside, are assigned as error.

HUNT & CLOPTON, for appellant.

WM. L. MARTIN, *contra.*

McCLELLAN, J.—Technically, an order of court directing, by consent of parties, the arbitration of matters involved in a pending suit, is not a *submission* to arbitrators, but a *reference* of the cause as presented by the pleadings. Upon such reference, there is no office for the written submission entered into by the parties to perform. If the matter in controversy already sufficiently appears from any part of the record—and it does sufficiently appear from the complaint, or statement of the cause of action, in every pending suit—any further statement of it in writing is unnecessary.—*Mendenhall v. Smith,* Minor, 380; *Chapman v. Ewing,* 78 Ala. 403.

This is made to appear more fully by reference to the act of 1819, which provides for the appointment of arbitrators by the parties for the settlement of any suit or controversy, "and (if no suit is pending) the parties shall concisely state in writing the nature of the controversy," &c., &c.; and this distinction as to the necessity for a written submission stating the matter in dispute, is preserved in our present Code, §§ 3221, 3222, 3223. The objection to the award in this case, on the ground that the parties did not "concisely state in writing, signed by them, the matter in dispute between them," is, therefore, not tenable, no such statement being required when the arbitration is had on an order of reference in a pending suit.

The only other objection made is predicated on the fact that, one of the arbitrators originally agreed on having declined to act, another was substituted by agreement of parties, and no memorandum of the substitution was made on the submission, as required by section 3225 of the Code. The submission here referred to is that concise statement of the

[Abernathy v. O'Reilly.]

matter in dispute and the names of the persons selected as arbitrators, provided for by section 3225. There was no such statement in this case, as we have seen, nor was any required. The memorandum, therefore, could not be entered upon it, if that be required in any case where the substitution is made by the parties. Nor do we think it was essential that the agreement to substitute should have been in writing. That would be necessary, where the original arbitrators are required to be named in the written statement signed by the parties. But, where, as here, the reference is of a pending suit, and by an order of the court, no such written statement of the names of the persons first selected is required, or was made in this case. It is sufficient if the persons be orally agreed upon, and orally suggested to the court in the first instance; and upon the failure of one so selected to act, our opinion is, that a substantial compliance with the law is shown, when the parties agree on the person to be substituted, and their agreement in this behalf, and the name of the person to be substituted, are recited and stated in the award, as was done here; and nothing more than substantial compliance with the statute is essential to the validity of the award.—Code, § 3232; *Chapman v. Ewing, supra.*

We find no error in the record, and the judgment must be affirmed.