87 So.2d 831

## W. A. CARLISLE

v.

## William Roy McCLESKEY.

### 6 Div. 992.

Supreme Court of Alabama.

April 12, 1956.

Rehearing Denied June 14, 1956.

Granade & Granade, Chatom, for appellant.

No attorney marked for appellee.

W. Marvin Scott, Cullman, for appellant.

Julian Bland, Cullman, for appellee.

## PER CURIAM.

This is a suit in equity to settle a boundary line dispute. Sections 2 to 12, Title 47, Code.

Orris Helms owned a square area in the SE corner of SW ¼ of SE ¼ of Section 21, Township 11, Range 2 West. He sold to one Dunlap approximately three-fourths of an acre in the NW corner of that square, being 118 feet north and south and 150 feet east and west. This small tract is now owned by respondent McCleskey. Helms later sold to Moore the balance of that square which is now owned by complainant Carlisle.

The controversy here is the proper location of the south line of the three-fourths of an acre owned by McCleskey. Immediately north of that area is a road formerly called the Hanceville-Blountsville Road, now called Spruce Street. The south side of that road is the northern boundary line of the small lot. McCleskey claims that this road or street is 80 feet wide, while Carlisle claims it is 40 feet wide. If the road is only 40 feet wide, the small lot would extend 40 feet farther north than if it were 80 feet wide. That would also cause the south side of the small lot to extend 40 feet north which would allow a larger area in the deed to the larger tract owned by Carlisle. Briefly stated, that is the controversy between the parties which gave rise to this suit.

The testimony was being taken orally before the court, and only a small part of it had been taken when the trial was stopped with an announcement that the parties had agreed for the court to appoint a surveyor. Thereupon one of the attorneys dictated an agreement to the court reporter. Both

parties agreed to it as dictated, and it is a part of the proceedings certified by the court reporter, and is as follows:

"It is hereby agreed between the parties to this suit that the court appoint a competent surveyor to survey the lines involved in this case. It is further agreed that the line between property owned by Orris J. Helms and Roy Mc-Cleskey will also be established in order to determine who is right and wrong in this case, and it is agreed by Orris J. Helms, who is the common source of title by which both the complainant and respondent derived their title, that he will be a party to this agreement. The agreement is as follows:

"The surveyor is to establish the south side of the eighty foot street that is agreed to be the northern boundary line of Mr. McCleskey's lot; that the surveyor lay out and set stakes at the corner of McCleskey's lot, which is 150 feet frontage on said eighty foot street and running east and west, and 118 feet deep, north and south. Mr. Roy McCleskey's lot as established by the surveyor on the aforementioned plan will constitute the line between Roy McCleskey and Orris J. Helms on the west side of Mr. McCleskey's lot. It will constitute both Mr. McCleskey's and Mr. Walter A. Carlisle's on the south and east side of Mr. McCleskey's lot. *All parties agree to accept the surveyor's survey as being the true judicial established line between the land of the respective parties and agrees to abide by same.* With reference to the cost of the survey in this case, it is agreed that if either Mr. Orris J. Helms or Mr. Walter A. Carlisle are wrong in their contention, in the line or corners, that they will pay the costs, and that the only way that Mr. Roy McCleskey could be charged with the cost would be for him to be wrong on both lines and against both parties. In case all parties are wrong, then the court will determine the amount of cost to be paid by each one.

"It is further agreed that this agreement is to hold true on any measurement over and above twelve (12) inches, that is, anything less than one foot is not (to) be considered as being in error.

"It is further agreed that in the event any unforeseen circumstances arises or develops from this survey or agreement, that the court is to retain jurisdiction and to settle or decide all matters if in his opinion the dispute or difficulties warrant such an action." (Italics supplied.)

Thereupon the trial judge made an interlocutory decree which quoted the agreement in full and appointed a surveyor directing him to "establish a judicial land line in the matter and on the conditions as set forth in the foregoing agreement" and to make report to the court.

On November 9, 1955, the surveyor made his report as set out in the transcript. This report showed the processes by which he reached his conclusion. He located what he called Spruce Street with its southern border extending along the north side of the small lot. This is about 40 feet south of where complainant Carlisle claims it should be according to the description in the deed by Helms.

Complainant then filed a petition for permission to examine the surveyor. Section 11, Title 47, Code. Whereupon respondent made a motion to strike the petition, principally because section 11 does not apply for the reason the survey was not made pursuant to sections 5 to 12, Title 47, Code, but by virtue of an agreement which stipulated that "all parties agree to accept the surveyor's survey as being the true judicial established line between the land of the respective parties and *agree to abide by same*".

Complainant also filed exceptions and objections to the surveyor's report on the ground that the agreement is void (without assigning reasons); that the United States survey controls; that no dedication of an eighty foot street (Spruce) is shown. Re-

spondent moved to strike the objections and exceptions, based on legal contentions. The cause was submitted on those motions. The court sustained the motion to strike the petition to examine the surveyor, and sustained the motion to strike the objections and exceptions to the surveyor's report; and also sustained the motion to confirm said report, and thereupon confirmed it. It was then decreed that the survey was correct and the lines thus reported were the correct lines and should remain so; that the costs were taxed against complainant and *"are hereby made a lien against the lands of Walter A. Carlisle as described in his bill of complaint, and that said lien shall attach and remain until the said costs have been paid in full"*. (Italics supplied.)

The assignments of error are as follows:

"1. The court below erred in the final decree rendered in the above styled cause, signed the 9th day of December, 1955 and recorded in the transcript on pages 66 to 70 of the record.

"2. A formal agreement as to a boundary line could not, of itself, vest title in one of them beyond the true line to which each actually owns.

"3. It was the duty of the court to declare the meaning of what was written in the instruments.

"4. A court of equity is a court of conscience and nothing will be permitted within its jurisdiction which is unconscionable.

"5. The complainant has been denied due process of law."

■■■ The court's ruling was based on the theory that section 11, Title 47, and the other provisions of that article did not apply because the agreement of the parties was to accept the surveyor's survey and abide by it, and that conflicted with section 11 which provides such report "shall be considered * * * as prima facie correct." The right to examine the surveyor given by section 11 is where the survey is subject to review in the trial court. If section 11 applies the survey is

subject to review because it is only prima facie correct; but section 11 does not apply because of the agreement. Here the appointment of the surveyor, his duties and authority were by virtue of the agreement, more in the nature of an arbitration under sections 829 to 844, Title 7, Code, than a mere survey under sections 5 to 12, Title 47. True, section 831, Title 7, Code, requires the agreement to be in writing, but that is satisfied when it is made in open court. Snodgrass v. Armbrester, 90 Ala. 493, 7 So. 840; Samuels v. Scott, 212 Ala. 679, 103 So. 848; Prestwood v. Watson, 111 Ala. 604, 20 So. 600. See Equity Rule 71, Code 1940, tit. 7, Appendix.

An award made under such an agreement has the properties of a judgment, and if it responds to the agreement of submission, Tabor v. Craft, 217 Ala. 276, 116 So. 132; 6 C.J.S., Arbitration and Award, § 80, p. 219, it is subject to attack only for fraud, partiality or corruption.. Section 842, Title 7, Code.

But no objection based upon any such ground was here made. Therefore, there was no issue offered in that respect. If such objection had been made to the report, we think the party objecting (upon a hearing of the objection) could have obtained an examination of the surveyor under section 11, supra, or as a witness under the general powers of the court touching any matter material to any proper issue. We do not think that section 11 opens the door for a discovery of some ground on which an objection might have been made when, as here, the report has by agreement conclusiveness equal to that of a statutory award by arbitrators.

We think the agreement of the parties to abide by the report of the surveyor does not serve to cut off such right of objections on the grounds stated above, and an examination of the surveyor with respect to any such objections. Since the objections to the report contained no legal grounds to support them, the motion to examine the surveyor was denied without error. The final decree gave effect to the report of the surveyor, taxing the cost against complain-

ant and created a lien on his lot, here involved, to secure the payment thereof. We do not find reversible error in the decree except in creating the lien as security for payment of the costs. We know of no such authority. That feature of the decree should be stricken and as thus modified it should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Modified and affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and MERRILL, JJ., concur.