474

92 So.2d 33

**Ex parte W. A. CARLISLE.**

**In re W. A. CARLISLE,**

**v.**

**William Roy McCLESKEY,**

6 Div. 52.

Supreme Court of Alabama.

Jan. 17, 1957.

———◆———

W. Marvin Scott, Cullman, for petitioner.

Julian Bland, Cullman, for respondent.

STAKELY, Justice.

This is an original petition to this Court for leave to file a bill in the nature of a bill of review in order to review the judgment of this Court rendered on April 12, 1956, in the case of Carlisle v. McCleskey, 264 Ala. 436, 87 So.2d 831. The petition is filed here by reason of the principle stated in Faust v. Ragsdale, 253 Ala. 424, 44 So.2d 580. It affirmatively appears from the petition that this Court in the case of Carlisle v. McCleskey, supra, modified and affirmed a decree of the Circuit Court of Cullman County. Since the decree of the Circuit Court of Cullman County became merged in the decree rendered here, under Faust v. Ragsdale, supra, the permission of this Court is necessary in order for a bill in the nature of a bill of review to be filed.

Reference to the opinion in Carlisle v. McCleskey, supra, will show that that suit was a suit in equity to settle a boundary line dispute. Orris Helms owned a square area of land as described in the opinion. He sold to one Dunlap approximately three-fourths of an acre in the northwest corner of that square, being 118 feet north and south and 150 east and west. This small tract is now owned by William Roy McCleskey. Helms later sold to Moore the balance of the square, which is now owned by W. A. Carlisle.

The boundary line dispute is the proper location of the south line of the three-fourths of an acre owned by McCleskey.

The testimony was being taken orally before the court and only a small part of it

had been taken when the trial was stopped with the announcement that the parties had agreed for the court to appoint a surveyor. Thereupon Julian Bland, one of the attorneys, in open court dictated an agreement to the court reporter. According to the foregoing opinion in Carlisle v. McCleskey, supra, both parties agreed to the agreement as dictated and the agreement is a part of the proceedings certified by the court reporter and is set out in the opinion in Carlisle v. McCleskey, supra.

According to the opinion of this court an award made under such an agreement has the properties of a judgment and if it responds to the agreement of submission, it "is subject to attack only for fraud, partiality or corruption."

The present petition before this Court undertakes to show that the decree of the circuit court should be reviewed because of fraud in its procurement. The alleged fraud, as we understand the situation, is that Julian Bland while dictating the agreement represented to the court and the attorney for Carlisle that an eighty foot street existed north of the McCleskey property when in truth and in fact only a forty foot street existed.

Upon examination of the record and the petition here filed, it is obvious that the agreement had in this case in the lower court was in open court and was dictated to the court reporter by Julian Bland as attorney for the defendant. It appears that the agreement was dictated at the request of the attorney for the complainant and the judge of the court. The agreement as dictated contains the following: "All parties agree to accept the surveyor's survey as being the true judicial established line between the land of the respective parties and agree to abide by same."

The agreement was read back to the parties by the court reporter. The parties by their attorneys agreed that the stipulation was correct and the court gave its approval. All parties agreed to the agreement as written. It further appears that when the lower court rendered its decree there was no contention nor was it suggested that there was fraud anywhere in the case. It was never contended on the original appeal that the court was in any way misled by the dictation of the agreement. After the decree was rendered in the lower court petitioner never made any motion of any kind to correct the agreement or for a rehearing on fraud or on any other ground. On the contrary, appeal was taken to this Court on the record as it then stood.

We have been over the record and the petition with painstaking care but are not satisfied that on a further review of the case any fraud, partiality or corruption can be shown or that the decree of the court can or should be overturned. Nixon v. Nixon, 245 Ala. 43, 15 So.2d 561.

Without going into further detail, it is our judgment that the present petition should be denied.

Petition denied.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.