173 So.2d 809

**Earl M. HODSON, Jr.**

**v.**

**Beatrice C. HODSON.**

**5 Div. 799.**

Supreme Court of Alabama.

April 8, 1965.

Jas. M. Rea, Notasulga, for petitioner.

Wm. C. Irby, Auburn, for respondent.

LIVINGSTON, Chief Justice.

This is an application to this Court for permission to file a bill in the nature of a bill of review in the Circuit Court, in Equity, of Lee County, Alabama. The decree sought to be reviewed was rendered in the divorce action of Hodson v. Hodson in which Mrs. Hodson was granted a divorce against Mr. Hodson on the grounds of cruelty. The wife was awarded custody of the minor child of the parties, the sum of $100 per month for the support and maintenance of the child, a one-half interest in the real property owned by the husband as alimony in gross, and an attorney's fee of $200. That decree was affirmed by this Court in Hodson v. Hodson, 276 Ala. 227, 160 So.2d 637.

A bill, in the nature of a bill of review, can be filed without leave of the circuit court or without leave of this Court as a matter of right. Daniel, Ch.P. & Pr. 1584; McDonald v. Pearson, 114 Ala. 631, Headnote 8, 21 So. 534; Graves et al. v. Brittingham et al., 209 Ala. 147, 95 So. 542; Cunningham v. Wood, 224 Ala. 288, 140 So. 351, and Ex parte Stanley, 255 Ala. 95, 50 So.2d 242.

Our research has revealed only one case, that of Ex Parte W. A. Carlisle, in 265 Ala. 474, 92 So.2d 33, in which it was held that leave to file a bill in the nature of a bill of review was necessary when the decision sought to be reviewed had been affirmed by this Court, citing Faust v. Ragsdale, 253 Ala. 424, 44 So.2d 580. The citation of Faust v. Ragsdale, supra, is inapt to support the proposition posed, because Faust v. Ragsdale, supra, deals with bills of review and not bills in the nature of a

bill of review. The case of Ex parte W. A. Carlisle, supra, is hereby overruled and is no longer to be followed.

The application for permission to file a bill in the nature of a bill of review in the Circuit Court of Lee County, in Equity, is therefore denied. This is not to say that the petitioner cannot file a bill in the nature of a bill of review in said court if he be so advised.

Application denied.

COLEMAN, Justice (concurring specially).

I agree that application to this Court for leave to file a bill in the nature of a bill of review is not required, although the original decree in this cause was affirmed by this Court. Ex parte Carlisle, 265 Ala. 474, 92 So.2d 33, should be, and is, expressly overruled.

The application to this Court in the instant case should be dismissed.

LAWSON, SIMPSON, GOODWYN, MERRILL and HARWOOD, JJ., concur.

HARWOOD, Justice (concurring specially).

In view of the last sentence in the opinion of the Chief Justice that "This is not to say that the petitioner cannot file a bill in the nature of a bill of review in said court if he be so advised," we deem it proper to observe that prior to any discussion or consideration of overruling the Carlisle case, a majority of the court concluded that under the evidence contained in the record, this court would not have been justified in granting leave to file the application requested.

LAWSON, MERRILL and COLEMAN, JJ., concur.