268 So.2d 762

**J. M. LOWERY et al.**

**v.**

**R. Rush SMITH and Jackie Smith.**

**SC 19.**

Supreme Court of Alabama.

Nov. 9, 1972.

John S. Tucker, Jr., Birmingham, for appellants.

Nash, NeSmith & Walker, Oneonta, for appellees.

MADDOX, Justice.

Appellants, J. M. Lowery, Grace Reeves and Chester and Grace Reeves, filed individual suits to settle a boundary line dispute between them and R. Rush Smith and Jackie Smith twelve years ago.[1] Various pleadings were filed but the case was not brought to trial. In 1966, the court entered an order of consolidation and appointed a surveyor, ordering the costs of the survey to be "taxed as cost in this case, to be paid as hereinafter directed by the Court on final decree." Three years later, in 1969, the surveyor informed the court that he needed protection, whereupon the court ordered the sheriff to provide a deputy sheriff to protect the surveyor and his crew, and ordered the costs to be assessed as part of the costs. On August 11, 1969, the court-ordered survey was filed in court. On April 20, 1971, the court fixed the cost of the survey at $2,330.50 and taxed $576.83 to Grace Reeves, $576.83 to R. Rush Smith and Jackie Smith, and $1,176.84 to J. M. Lowery.[2] The costs were ordered to be paid within ninety days. Appellants Grace Reeves and Chester Reeves objected to the order assessing the costs of the survey against them and asked the court to relieve them from the requirements of the decree.[3]

On October 15, 1971, the appellants filed a petition asking the court to reconsider its oral order of October 15, 1971, overruling their objections to the taxation of the survey costs against them. The appellants

also asked the court to grant to them an oral hearing to consider the question of the court-ordered survey. It might be noted that the April 20, 1971 order specified that the costs be paid within ninety days. The petition for an oral hearing was filed long after the costs were ordered to be paid. Counsel representing appellants on appeal filed the "petition to give oral testimony" and the court determined it to be "dilatory" and without merit. The court denied the petition and further decreed:

"It is therefore further CONSIDERED, ORDERED, ADJUDGED and DECREED that the Register is hereby ordered to levy execution against the complainants, J. M. Lowery, Grace Reeves and Chester (C. D.) Reeves for the payment of the cost of survey heretofore ordered and decreed to be paid by them on, to wit: April 20, 1971, it appearing to the Court that the respondents have heretofore paid into Court the part of the cost ordered and decreed that they should pay by said Order."

From this decree, appellants perfected this appeal, in which there are three main issues for consideration:

(1) Whether the court had the power and authority to change the November, 1966 decree, ordering the costs of survey to be paid on "final decree" to require the costs of survey to be paid in ninety days, as was done by the April 20, 1971 decree?

(2) Whether the court could legally levy execution against Grace Reeves and J. M. Lowery for the payment of costs of the survey ordered by the court?

1. Complainants were originally represented by counsel other than the attorney who represents them on appeal. Judge L. P. Waid entered all orders in the case until 1966, when Judge K. L. Griffith took charge of the case as a Special Circuit Judge.

2. The court found that J. M. Lowery harassed the court-appointed surveyor and assessed the expenses of the deputy sheriff of $600 against Lowery.

3. They alleged that while Judge L. P. Waid had jurisdiction of the cause he ordered a survey to be made by one E. H. Lee and that their attorney at the time, who had since died, knew about the survey and that they assumed the Lee survey had been filed in court. The record contains no order of Judge Waid nor any copy of a Lee Survey.

(3) Whether the court could levy execution against Chester Reeves without previously taxing any costs against him?

We find that questions (1) and (2) must be answered affirmatively, issue (3) must be answered in the negative.

As to the first issue, the November, 1966 decree, providing for the appointment of a surveyor in the suit by the appellants to establish disputed boundary lines, was an interlocutory decree and subject to alteration at any time before a final decree. Tanner v. Dobbins, 251 Ala. 392, 37 So.2d 520 (1948); Code, 1940, Title 47, §§ 2–12. Thus, the April 20, 1971 order, which altered the November, 1966 decree by providing that the costs of survey were to be paid in ninety days, was within the power granted the court by law. Tanner v. Dobbins, supra.

As to the second issue, the court, on November 9, 1971, decreed that the register "levy execution" against Grace Reeves and J. M. Lowery for the payment of the cost of survey and the appellants contend that the use of the words "levy execution" created a lien for the payment of the costs of survey. We cannot agree with this contention, and we do not think that this court's opinion in Carlisle v. McClesky, 264 Ala. 436, 87 So.2d 831 (1956), relied upon by the appellants, is dispositive of the issues on this appeal.

In Carlisle, supra, the costs were taxed against the complainant and the court decreed that the costs "are hereby made a *lien* against the lands of Walter A. Carlisle as described in his bill of complaint, and that said *lien* shall attach and remain until the said costs have been paid in full." [Emphasis added.] Thus, it is apparent that the lower court in Carlisle expressly created a lien for costs, which this court held was erroneous. In the instant case, the court sought to "levy execution" for the costs at a point in time far exceeding the ninety-day period previously provided for by the court within which the

costs were to be paid. The use of the words "levy execution" do not, in themselves, create a lien within the prohibition of Carlisle.

Title 47, § 9, Code, authorizes the court to appoint a surveyor in pending boundary line suits and "the court may enter a decree . . . fixing the manner in which the cost of such survey is to be paid . . . ." Equity Rule 112 also empowers the court to impose costs at such times during the litigation as he deems proper. Under the broad powers given the court by the statute and Equity Rule, [See Ryan v. Fulford, 273 Ala. 600, 143 So.2d 452 (1962)] the court, exercising a wide discretion, could change the time when the costs of the survey should be paid. The April 20, 1971 decree assessed the costs and apportioned them between the parties. The respondents in the cause paid the portion of the costs assessed against them as ordered. The complainants did not comply. The time within which the costs were required to be paid had expired. The costs had been taxed and were due. The court had the power to order execution to issue against those parties against whom the costs had been assessed but remain unpaid.

While the trial court cannot order a lien to be created on the property of the parties to secure payment of the costs of the survey, the court has extensive power to enter such decrees as it deems proper to secure the costs of such a survey. The court in this cause has not ordered that a lien was created on the property of the appellants. It ordered execution to issue, but this procedure is authorized by law. Consequently, Carlisle is inapposite.

As to the third and final issue, no costs were taxed to Chester Reeves on April 20, 1971, but the November 9, 1971 decree provided for a levy of execution against Chester Reeves for the costs of the survey decreed to be paid on April 20, 1971. In the absence of costs being taxed to Chester Reeves, the levy of execution as

to him was improper. See 20 C.J.S. Costs § 411, p. 652.

Summarizing, as to Grace Reeves and J. M. Lowery, the November 9, 1971 decree was a valid exercise of the lower court's discretion in assessing and collecting costs, under Equity Rule 112, for a survey ordered, pursuant to Title 47, § 9, to assist the court in establishing the boundary line separating the properties of the appellants and appellees. As to Chester Reeves, the November 9, 1971 decree was erroneous. Thus, the lower court must be affirmed, in part, and reversed and remanded, in part, with directions to the lower court to enter a decree consistent with this opinion.

Affirmed in part. Reversed and remanded in part, with directions.

HEFLIN, C. J., and MERRILL, HARWOOD and SOMERVILLE, JJ., concur.