This appeal involves a boundary line dispute between Eugene Mobley, appellant-defendant, and Sue Turner, appellee-plaintiff. No record was made of the court proceedings. Pursuant to Rule 10 (d) of the Alabama Rules of Appellate Procedure (1977), appellant submitted his "Statement of the Evidence" and appellee responded with his. The trial court approved the latter, from which we quote:
 "This cause came on to be heard at a regular term of the Circuit Court of Monroe County, Alabama, Honorable R.E.L. Key, Circuit Judge, presiding. Both parties were present and were represented by counsel, as stated in Appellant's Statement of Evidence.
 "Testimony taken orally by the Court was to the effect that the parties were co-terminous owners of real property in Monroe County, Alabama, and that the boundary line between the lands of the respective parties was disputed.
 "At that time, the parties with the knowledge and consent of their respective counsel and with the knowledge and consent of the Judge, agreed that Daniel R. Andress, Jr., a registered land surveyor, would be employed to survey the disputed boundary line and to establish a line with monuments thereto. Both parties agreed that the survey, to be done by Andress, would be binding on them and that the cause would be disposed of in that fashion.
 "Andress later surveyed the premises in accordance with an order of the Court, pursuant to the parties' agreement, and marked the line he established and reported his findings to the Court."
On review, we will accept the approved statement of the evidence as true. U.S. v. Chesapeake and Ohio Railway Co., 4 Cir., 281 F.2d 698 (1960); Hawkins v. Missouri Pac. R. Co., 8 Cir., 188 F.2d 348 (1951). Rule 10 (c) of the Federal Rules of Appellate Procedure is in substance identical to our Rule 10 (d).
The error complained of by appellant is that the trial judge did not follow the procedure outlined by Tit. 47, §§ 5 and 6, Code of Alabama 1940, Recompiled 1958.[1] He *Page 429 
contends that § 6 requires the trial judge to file a written decree, and that such a decree does not exist. We cannot agree.
According to the approved statement of the evidence, both parties agreed in open court that a survey would be made and that it would be binding. In Carlisle v. McCleskey, 264 Ala. 436, 87 So.2d 831 (1956), the parties similarly agreed in open court to end their boundary line dispute by having a survey made and by being bound by that survey. The court held the survey was not made via Tit. 47, §§ 2-12, but rather, was in the nature of an arbitration agreement.
 ". . . Here the appointment of the surveyor, his duties and authority were by virtue of the agreement, more in the nature of an arbitration under sections 829 to 844, Title 7, Code, than a mere survey under sections 5 to 12, Title 47. True, section 831, Title 7, Code, requires the agreement to be in writing, but that is satisfied when it is made in open court. Snodgrass v. Armbrester, 90 Ala. 493, 7 So. 840; Samuels v. Scott, 212 Ala. 679, 103 So. 848; Prestwood v. Watson, 111 Ala. 604, 20 So. 600. See Equity Rule 71, Code 1940, tit. 7, Appendix.
 "An award made under such an agreement has the properties of a judgment, and if it responds to the agreement of submission, Tabor v. Craft, 217 Ala. 276, 116 So. 132; 6 C.J.S. Arbitration and Award § 80, p. 219, it is subject to attack only for fraud, partially or corruption. Section 842, Title 7, Code." Id. at 439, 87 So.2d at 834.
We believe Carlisle controls this case. However, even if Tit. 47, §§ 5, 6 applied, the trial judge would not be placed in error where appellant made no complaint of his procedure; even appellant's statement of the evidence makes no claim to have complained of the judge's procedure.
 "Even admitting the irregularity of the decree for failing to set a date for hearing objections and to order the parties to show cause why the survey should not be made, the question is whether such failure here constitutes prejudicial error to reverse. We think that the proper remedy for testing the decree of the court appointing the surveyor [an interlocutory order and subject to alteration at any time before a final decree under this Court's decisions in Stansell v. Tharp, 245 Ala. 270, 16 So.2d 857 (1944), and Tanner v. Dobbins, 251 Ala. 392, 37 So.2d 520 (1948)] would have been to file a motion in court to set it aside and allow objections to be filed. The rulings on such motion, if adverse, would be subject to review in an appropriate manner. See State v. Woodroof, 253 Ala. 620, 46 So.2d 553
(1950), and cases there cited.
. . . . .
 "We are not to be understood as condoning the appointment of a surveyor without affording notice and an opportunity to object as provided for by statute. Objection to such irregularities should not be made for the first time on appeal." McCullar v. Conner, 287 Ala. 455, 461, 252 So.2d 422, 427 (1971).
The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, JONES and EMBRY, JJ., concur.
[1] "§ 5. Survey may be directed. — Whenever in any suit pending in the circuit court in equity it is pertinent and material to the determination of the issue or issues therein or to the proper entering of a description in the decree therein, to establish or fix a disputed land line or boundaries between coterminous landowners, or to locate the position of a line of the government survey, or to locate a landmarker or other object, the court may, as hereinafter provided, direct a competent surveyor or surveyors to make a survey for the purpose of fixing or establishing the disputed land line or boundaries between coterminous landowners or of locating the position of a line of the government survey or of locating a landmarker or other object."
"§ 6. Decree that survey shall be made. — If the court is of the opinion that such survey should be made it shall enter a decree stating the reasons why, in its opinion, such survey should be made and fixing a day on which to hear objections thereof and directing the parties to said suit to show cause, if any, why such survey should not be made as proposed in said decree."