786 So.2d 1093 (2000)
MASSEY BROTHERS CHEVROLET-OLDS-GEO, INC.
v.
W.E. DAVIS & SONS CONSTRUCTION COMPANY, INC.
1990738 and 1991065.
Supreme Court of Alabama.
November 22, 2000.
R. Edward Massey III and Edward Massey of Clay, Massey & Associates, Mobile, for appellant.
Allan R. Chason of Chason & Chason, P.C., Bay Minette, for appellee.
PER CURIAM.
In January 1998, W.E. Davis & Sons Construction Company, Inc. ("Davis"), entered into a contract with Massey Brothers Chevrolet-Olds-Geo., Inc. ("Massey"), for the construction of an automobile dealership facility. The amount of the initial construction contract totaled several hundred thousand dollars. At a point during the construction, a dispute arose between the parties concerning the work yet to be done and the amount of money remaining to be paid. As a result of the conflict, Davis sued Massey to perfect and enforce a mechanic's and materialman's lien in the amount of $73,338. Pursuant to an arbitration agreement contained in the parties' contract, the trial court entered a stay and the dispute was submitted to arbitration.
On August 11, 1999, the arbitrator entered an award reading, in pertinent part:
"On the claim, MASSEY BROTHERS CHEVROLET-OLDS-GEO, INC. shall pay to W.E. DAVIS & SONS CONSTRUCTION *1094 COMPANY, INC. the sum of FIFTY-FIVE THOUSAND ONE HUNDRED FOURTEEN DOLLARS AND THIRTY-TWO CENTS ($55,114.32) within THIRTY (30) days of the date of this signed Award. Thereafter, interest shall accrue at a rate of twelve percent (12%) until paid.
". . . .
"W.E. DAVIS & SONS CONSTRUCTION COMPANY, INC. is to complete all punch list and/or completions items including plumbing and electrical (`punch items') to the applicable code. W.E. DAVIS & SONS CONSTRUCTION COMPANY, INC. is to release its lien filed on the project. MASSEY BROTHERS CHEVROLET-OLDS-GEO, INC. is to indemnify W.E. DAVIS & SONS CONSTRUCTION COMPANY, INC. on any and all electrical charges, if filed by the original subcontractor of the project. The certificate of occupancy is to be obtained jointly by both W.E. DAVIS & SONS CONSTRUCTION COMPANY, INC. and MASSEY BROTHERS CHEVROLET-OLDS-GEO, INC."
On August 17, 1999, Massey filed an application for clarification, requesting the arbitrator to review the award and to impose appropriate deadlines for Davis's completion of the "punch items" and sanctions for any nonperformance. On September 16, 1999, the arbitrator entered the following clarification order:
"W.E. DAVIS & SONS CONSTRUCTION COMPANY, INC. will be allowed an additional 30 days for completion of the items outlined in the previous award. Therefore, the project shall be completed as originally awarded, or by 10-11-99. On 10-11-99, MASSEY BROTHERS CHEVROLET-OLDS-GEO, INC. shall pay over the award as previously stated on that date. All interest shall remain as in the previous award. The arbitrator reminds the parties that the certificate of occupancy is to be obtained jointly by both W.E. DAVIS & SONS CONSTRUCTION COMPANY, INC. and MASSEY BROTHERS CHEVROLET-OLDS-GEO, INC."
Shortly before the deadline, Davis requested a meeting with Joe Massey, one of the owners of Massey; a meeting was scheduled, but it was later canceled by Davis. No more work was done on the project before the October 11 deadline. On the day of the deadline, Davis faxed a letter to the arbitrator, stating that its principal had suffered health problems and requesting a 30-day extension of time to complete the project. Massey objected to the extension, arguing that Davis had essentially been given 60 days from the initial award to begin work on the completion of the project and that he had failed to do so. In a letter dated October 12, 1999, Massey requested that the arbitrator (1) deny the extension; (2) declare that Davis was in default; and (3) nullify the award because of noncompliance.
Davis subsequently made three attempts to begin work on the punch items; however, Massey refused Davis access to the premises pending the arbitrator's ruling on Davis's request for an extension. On October 25, 1999, the arbitrator issued a ruling wherein he directed that "[t]he award shall stand as clarified" and that "[n]o further modifications, clarifications, or extensions shall be granted."
After the arbitrator denied its request for an extension of time to complete the project, Davis filed a motion in the Baldwin Circuit Court for enforcement of the arbitration award and an entry of judgment against Massey. In its motion, Davis alleged that under the arbitration award Massey was required to pay Davis $55,439 no later than October 11, 1999; that Massey *1095 had failed and refused to pay any portion of that award; and that Massey was in default under the terms of the award. Davis further stated that under the terms of the arbitration award it was required to complete certain punch items, but that Massey had refused to allow Davis back onto its premises to perform work on those items. Massey filed a response, arguing that Davis was in default for failing to comply with the deadlines contained in the clarified award, and arguing that Davis, therefore, was not entitled to receive any sums of money. Massey's response further contained a reference to the arbitrator's denial of Davis's request for an extension of time to complete the punch items.
On December 10, 1999, the trial court held a teleconference on Davis's motion to enforce the arbitration award. Three days later, the court made the following entry on the case action summary sheet:
"The Court is of the opinion it has jurisdiction because the arbitrator has informed the parties he will enter no further orders. It appears that the principal of [Davis] has experienced health problems and did not complete the punch list within the time set by the arbitrator. The court orders [Massey] to allow the Bay Minette Building inspector to make a final inspection to obtain a certificate of occupancy. [Davis] shall have 14 days after receiving a copy of the inspection report to complete the work. [Massey] shall have no obligation to pay the arbitration award until the certificate of occupancy."
Massey filed a notice of appeal from this order granting Davis a 14-day extension (case no. 1990738).
On January 28, 2000, the trial court entered the following order:
"This cause coming on to be heard on the Complaint of W.E. Davis & Sons Construction Company, Inc. seeking damages from the Defendant, Massey Brothers Chevrolet-Olds-Geo, Inc. for breach of contract in the failure to pay Davis for the construction of a new automobile dealership retail facility for Massey and the parties having arbitrated their dispute before the American Arbitration Association, as provided by their construction contract, and this court having effectively stayed proceedings on this case pending the outcome of said arbitration. It now appears to the Court that the American Arbitration Association has entered a final award which has been filed with the Court and the Court having been requested to enforce said arbitration award as authorized by the Federal Arbitration Act and the Court having held a telephone conference call on December 10, 1999, on said Motion and the opposition thereto filed by the Defendant, the Court did enter an order on December 13, 1999, directing that Davis be allowed access to the Massey Building to complete certain punch list items as required by the Bay Minette Building Inspector. That affidavits having been filed with the Court by the Bay Minette Building Inspector and by Davis to the effect that Massey has, subsequent to the entry of the order of December 13, 1999, refused to allow Davis on the premises of Massey to complete said punch list items, the Court does hereby determine that the obligation of Massey to pay the arbitration award entered in this cause is not dependent on the completion of the punch list items by Davis. It is, therefore,
"ORDERED, ADJUDGED and DECREED as follows:
"1. Judgment is hereby entered in favor of W.E. Davis & Sons Construction *1096 Company, Inc. and against Massey Brothers Chevrolet-Olds-Geo, Inc. in the amount of Fifty-five Thousand Seven Hundred Thirty-nine Dollars Thirty-two cents ($55,739.32) for which let execution issue."
On March 8, 2000, Massey filed a second notice of appeal (case no. 1991065).
On appeal, Massey argues that the trial court erred in assuming jurisdiction over matters previously determined by an arbitrator. Specifically, Massey contends that the trial court's order granting Davis a 14-day extension improperly vacated and/or modified the arbitrator's award. We agree.
The arbitration agreement entered into by the parties provided, in pertinent part, that "any controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration." As noted earlier in this opinion, the arbitrator's award gave a specific deadline for Davis to complete the punch items. Davis did not begin work toward completion of those items before the deadline and, instead, requested a 30-day extension for completing the punch items; the arbitrator denied Davis's request.
The underlying dispute in this matter appears to surround the ramifications of the arbitrator's denial of Davis's request for an extension of time to complete the punch items. It was Massey's contention that it was relieved of its obligation to pay Davis when Davis failed to complete the punch items by the deadline. Davis, on the other hand, believing that its completion of the punch items was not a condition precedent to Massey's payment of the award, moved for the entry of a judgment pursuant to the arbitrator's award. Despite the arbitrator's denial of Davis's extension request, the trial court granted Davis a 14-day extension to complete the punch items. We conclude that the trial court had no authority to order such an extension. Because the parties had agreed to arbitrate any claim or controversy, the trial court should have remanded this controversy for the arbitrator to determine penalties for Davis's noncompliance with the October deadline.
Massey next argues that the trial court erred in entering a judgment on the arbitration award. Specifically, Massey contends that the trial court incorrectly determined that Massey's payment of the arbitration award was not dependent upon Davis's completion of the punch items.
The arbitrator's clarified award provided that Davis was to complete the project "as originally ordered, or by 10-11-99," and that "[o]n 10-11-99, MASSEY BROTHERS CHEVROLET-OLDS-GEO, INC. shall pay over the award as previously stated on that date." The language of the arbitrator's award gives rise to an inference that payment of the award was conditioned upon completion of the project; however, because we have determined that the trial court should have remanded the parties' dispute to the arbitrator, the trial court's judgment is reversed.
1990738REVERSED AND REMANDED.
1991065REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
SEE, J., concurs specially.
SEE, Justice (concurring specially).
I agree with the main opinion's conclusion that the trial court erred by granting Davis a 14-day extension to complete the punch items. This Court has held that an arbitration award "has the properties of a judgment" and "is subject to attack only *1097 for fraud, partiality or corruption." Carlisle v. McCleskey, 264 Ala. 436, 439, 87 So.2d 831, 834 (1956). In this case, neither party alleged that the arbitrator was guilty of fraud, partiality, or corruption in making the award. Accordingly, the trial court was without authority to alter the arbitrator's award.
I also agree with the main opinion's conclusion that the trial court should have remanded the controversy to the arbitrator. A court may remand an arbitrator's award for clarification if it is ambiguous or incomplete. Lanier v. Old Republic Ins. Co., 936 F.Supp. 839, 846 (M.D.Ala.1996). The arbitrator's award was ambiguous as to whether Davis's completing the punch items was a condition precedent to Massey's paying the award. Therefore, the trial court's remand of the case to the arbitrator for clarification was proper.